ALBERT L. POPE & others, trustees, *vs.* ABBY POPE & others, executors.

Norfolk.    March 23, 1911. — June 22, 1911.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Trust. Devise and Legacy. Husband and Wife. Equity Jurisdiction,* Bill for instructions.

By the express provision of R. L. c. 141, § 24, beneficiaries under a trust created by will to whom gifts of annual income are made are entitled to such income from the death of the testator.

Under the statutes of this Commonwealth, if a widow does not waive the provisions of her husband's will, she loses the right of dower unless it plainly appears by the will that the testator intended such provisions to be in addition to dower, and, where a widow thus has lost her right of dower by not waiving the provisions of the will, the law regards her as standing in the position of a purchaser for a valuable consideration and entitled to receive the whole of the sums given to her by the will in preference to other legatees.

A testator, among other provisions for a son who was a minor when the will was made, provided as follows: "and upon my said son's arrival at the age of twenty-one, provided I am not then living, said trustees shall pay to him out of the principal of said trust fund the sum of five thousand dollars." When the son arrived at the age of twenty-one years the testator was living. The son

survived his father. *Held,* that the legacy of $5,000 never became payable and never could become so.

In a suit in equity by the trustees under a will the plaintiffs asked for instructions as to whether, in payments to beneficiaries under the will to whom gifts of annual income were made, when there had been *pro rata* abatements on account of deficiency of income, the trustee should make up such deficiency in income occurring in one year from a surplus occurring in a subsequent year, and for further instructions as to the disposition of excess of income under the directions contained in the will. It was stated in the argument before this court that the income of the trust was insufficient to meet the demands upon it, and all the parties agreed that there was such insufficiency. *Held,* that, as the question of the disposition of surplus income was not before the trustees and might never be before them, there was no occasion for this court to consider it.

A testator in the residuary clause of his will established a trust which contained this provision for his children : "To each of my surviving children who shall be of age at the time of my decease, and to any child of mine who shall be a minor at the time of my decease when he shall attain his majority, an annually increasing income, the amount of which shall be dependent upon the age of such child, and shall be determined as follows, to wit: $3,000 a year at the age of twenty-one years, with an increase of $1,000 a year thereafter for ten years : For instance, a child who shall be twenty-one years old at the time of my decease will receive an income at the rate of $3,000 a year, at the age of twenty-two $4,000 a year, and so on, till at the age of thirty years a child would receive the maximum income, viz., $12,000 a year." Upon a bill by the trustee for instructions as to whether the increase of $1,000 a year should be continued for ten years after a child reached the age of twenty-one years, as directed in the first clause of the paragraph, making $13,000 a year in the thirty-first year of such child's age, or whether, as directed in the last clause of the paragraph, the maximum should be reached in the thirtieth year and should be $12,000 a year, it was *held,* that the first clause must yield to the last so far as it was inconsistent with it, making the maximum income $12,000 and thirty years the age beyond which there was to be no increase.

In a suit in equity by the trustees under a will, the plaintiffs sought instructions in regard to a payment directed to be made to one of the sons of the testator in the first preferred stock of a certain corporation "not later than his twenty-fourth birthday," asking, whether under the circumstances stated in another bill for instructions, which had been filed by the executors of the same will, this son was entitled to any payment of this legacy in stock or money, and, if so, whether he was entitled to receive it when he reached the age of twenty-three years or when he reached the age of twenty-four years. It was stated in the bill of the executors for instructions that the stock referred to was not in the hands of the trustees and was not obtainable in the market. *Held,* that it was not necessary to answer this question.

BILL IN EQUITY, filed in the Supreme Judicial Court on September 27, 1910, by the trustees under the will and codicil of Albert A. Pope, late of Cohasset, for instructions.

The bill alleged that Albert A. Pope, late of Cohasset, died on August 10, 1909, leaving a will and codicil, copies of which were annexed to the bill, that the will was executed on June 16,

1905, at Boston and the codicil was executed on May 28, 1906, at Hartford, in the State of Connecticut; that the will and codicil were allowed by the Probate Court for the county of Norfolk on September 1, 1909; that the plaintiffs had been appointed trustees under the will and codicil, had qualified and still were acting as such trustees; that the defendants, Abby Pope, Albert L. Pope, Harold L. Pope, Edward W. Pope and Robert L. Winkley had been appointed executors of the will and codicil, had qualified and still were acting as such executors; that the testator left at the time of his death a widow, Abby Pope, and the following named children, all then of full age: Albert L. Pope, born July 14, 1872, Margaret Roberts Hinckley, wife of Freeman Hinckley, born May 29, 1876, Harold L. Pope, born November 5, 1879, and Ralph Linder Pope, born March 23, 1887; that the testator left surviving him, at the time of his death, the following grandchildren, each of whom was at the time of the filing of the bill under the age of twenty-one years: Margaret Pope Hinckley, born March 11, 1899, and Albert Pope Hinckley, born March 9, 1901, both being minor children of Freeman Hinckley of Boston, also Leonora Hinckley Pope, born November 1, 1901, Charles Linder Pope, born March 6, 1903, and Harold Linder Pope, Jr., born November 11, 1906, all three being minor children of Harold Linder Pope of Wilkes-Barre, Pennsylvania; that on or about August 19, 1907, after the testator had executed his will and codicil, by deed recorded with Norfolk Deeds on September 17, 1907, he gave and conveyed to his daughter, Margaret Roberts Hinckley, an estate for life, with remainder to her children, in a house and land appurtenant thereto in Cohasset of the value at the time of the gift of about $9,500 and of about the same value at the time of the testator's death; that the plaintiffs were in doubt in regard to their duties under the will and codicil, and therefore asked for instructions from the court upon the following questions:

"1. From what date are the *cestuis que trust*, to whom gifts of annual income are made, respectively entitled to such income?

"2. Is Abby Pope preferred as to income to the extent of $12,000 per year over all other persons interested in the distributive income of the trust?

" 3. Shall the trustees pay to the said Ralph Linder Pope, out of the principal of the trust fund, the sum of $5,000, referred to in clause (b) of the second article of the codicil, and if so, on what date did he become entitled to the payment of that amount?

" 4. If the income of the trust estate, after having paid all administrative expenses, is insufficient to make all the payments which the testator provided in his codicil should be made from such income, in what order shall the trustees make payments to the beneficiaries and from what gifts of income must abatement be made?

" 5. Are the rights of the *cestuis que trust* to whom gifts of annual income are made cumulative; that is, should the trustees make up for a deficiency of income occurring in one year from a surplus occurring in a subsequent year?

" 6. Under the provisions of clause (f) of the second article of the testator's codicil, which revoked article eighth of the will and substituted therefor a new article eighth, to what amount of income is each of the testator's children entitled, and what is the maximum payment of annual income to which each child will become entitled, if he or she survives, and at what time in the future will such maximum payment of annual income be payable, whether when each child attains the age of thirty years or when each child attains the age of thirty-one years?

" 7. In case of an excess of income, as provided in said clause (f) of the codicil, have the trustees the right or the duty, under the provisions of the paragraph marked 1st in said clause (f) to build or purchase a residence for the defendant, Margaret Roberts Hinckley, either of a value not exceeding $20,000 or of a value not exceeding $20,000 less the value of the Cohasset life estate given her by the testator, and is it the trustees' right or duty so to build or purchase a suitable residence for the defendant, Margaret Roberts Hinckley, before building or purchasing a suitable residence for the defendant, Harold L. Pope, under the provisions of paragraph marked 2nd in said clause (f) of the codicil?

" 8. Is the excess of income referred to in said clause (f) an excess over and above the annuities provided for in clause (f) and preceding clauses, or is it an excess over and above all the

annuities provided for in Article Second of the testator's codicil, including clause (g)?

"9. Under the provisions of clause (h) of said second paragraph, is Ralph Linder Pope entitled to receive any payment in stock or money at any time in view of the facts set forth in the bill for instructions of the executors of the will of Albert A. Pope, filed in this court September 16, 1910; * if so, is the said Ralph Linder Pope entitled to receive such payment when he attains the age of twenty-three years or when he attains the age of twenty-four years?"

The residuary clause of the testator's will was Article Eighth. Article Second of the codicil substituted a new Article Eighth, which, so far as is material, was as follows:

"Second. I hereby revoke and annul so much of 'Article Eighth' of my said will and the gifts and devises therein contained as are inconsistent with the following clause and gifts and devises which are to be substituted for and to take the place of said Article Eighth, which is henceforth to read and provide as follows:

"Eighth. I give, devise and bequeath all the rest, residue and remainder of my estate, both real and personal, of whatever name and nature and wherever situated (including all lapsed legacies and devises, if any) to my son, Albert L. Pope, my son, Harold L. Pope, and my two friends, Robert L. Winkley, of West Hartford, and Charles E. Gross, of Hartford, in the State of Connecticut, but in trust nevertheless for the following purposes, to wit: To hold, manage, invest and reinvest the same as in their judgment and discretion they may deem best for the interests of the trust estate; to collect and receive the income thereof, and to divide and pay over out of the annual net income of said trust estate as hereinafter set forth, to wit:

"(a) To my wife, Abby Pope, if she survives me, twelve thousand dollars ($12,000) a year during her life;

"(b) To the guardian of my minor son, Ralph Linder Pope, if he survives me, such sums as may be required for his support and education until he arrives at the age of twenty-one (21) years, not exceeding, however, the sum of two thousand dollars ($2,000) in any one year, and upon my said son's arrival at the

---

* See *Pope* v. *Hinckley, ante,* 323.

age of twenty-one years, provided I am not then living, said trustees shall pay to him out of the principal of said trust fund the sum of five thousand dollars."

" (f) [The first paragraph of this subdivision is quoted in full in the opinion.]

" Should the income of the trust estate in any year not warrant the full increase in payment herein provided for, or should such income be insufficient to maintain the rate of payments hereinbefore made, said income shall be divided among my children in proportion to the payments made to them during the year next preceding, but any deficiency in increase in income in any one year shall be thereafter made up and paid by the said trustees whenever the condition of the trust estate will warrant it, it being the purpose and intent of this will that the increasing income herein provided for shall be cumulative. If, however, my said trust estate shall at any period during the existence of the trust be out of debt and earning a net income more than sufficient to pay the annuities herein provided for, the said trustees shall first apply the excess of income over and above said annuities as follows :

"1st. In case my daughter, Margaret Roberts, wife of Mr. Freeman Hinckley, of Boston, shall survive me and be living at the settlement of my estate by my executors and at the time of the receipt of said trust estate by said trustees, I desire and direct my said trustees and the survivors of them to build or purchase and acquire a suitable residence for my said daughter either in said Boston or in such other place as she, with the approval of my said trustees, may select, at an expenditure, however, not to exceed the sum of twenty thousand dollars, and said trustees are authorized and directed to pay therefor, but not exceeding said sum of twenty thousand dollars, out of the excess of income of said trust fund, and thereupon said trustees shall convey said residence to my said daughter, for life, and subject to said life estate, to her children absolutely, in fee, said children to share equally.

" 2nd. In case my son, Harold· L. Pope, shall survive me and be living at the settlement of my estate by my executors and at the time of the receipt of said trust estate by said trustees, I desire and direct my said trustees and the survivors of them to

build or purchase and acquire a suitable residence for my said son either in said Boston or in such other place as he, with the approval of my said trustees, may select, at an expenditure, however, not to exceed the sum of twenty thousand dollars, and said trustees are authorized and directed to pay therefor, but not exceeding said sum of twenty thousand dollars, out of the excess of income of said trust fund, and thereupon said trustees shall convey said residence to my said son Harold for life, and subject to said life estate, to his children absolutely, in fee, said children to share equally.

"3rd. Said trustees may also divide one-half of any remaining excess of said income among my wife and children *pro rata* in proportion to the incomes they are receiving at that particular time."

"(h) Thirty days after my said son, Ralph Linder Pope, graduates from college, and in any event not later than his twenty-fourth (24th) birthday, I direct my said trustees to pay over to him one hundred (100) shares of the aforesaid first preferred stock of the said Pope Manufacturing Company."

The case came on to be heard upon the bill, answers and agreed facts before *Hammond,* J., who reserved it for determination by the full court.

*M. F. Dickinson,* for the trustees, stated the case.

*J. B. Warner,* (*P. L. Stackpole* with him,) for Albert L. Pope and others, children of the testator.

*H. E. Warner,* for Abby Pope.

*N. N. Jones,* for Adelaide L. Pope and others.

*H. R. Bailey,* guardian *ad litem* for children of Harold Linder Pope and unborn issue of all the testator's children.

HAMMOND, J. 1. There can be no doubt that *cestuis que trust* to whom gifts of annual income are made are entitled to such income from the death of the testator. R. L. c. 141, § 24. Indeed nobody at the argument before us contended, nor does it appear by the pleadings or otherwise that any of the parties interested ever contended, to the contrary.

2. " A wife cannot be deprived of her dower except by her own consent. Therefore, when she accepts a provision in her husband's will as a substitute for this existing legal right, the law regards her as standing in the light of a purchaser for a valuable consideration, and entitled to receive the whole of the

sum given by the will . . . in preference to other legatees, who, being only objects of the bounty of the testator, and not having any legal claim on his estate, are regarded as volunteers, and are not allowed to take until the widow has received the full amount of the bequest to her." Bigelow, C. J., in *Pollard* v. *Pollard*, 1 Allen, 490, 491. In that case the will expressly stated that the bequest was in lieu of dower. But the same principle is applicable where the widow loses her dower by not waiving the provisions of the will, even though the will does not specifically provide that the gift is in lieu of dower. Under our statutes, if the widow does not waive the provisions of the will she loses her right of dower unless it plainly appears by the will that the testator intended such provisions in addition to dower. If she foregoes the right to dower, therefore, she takes the legacy in the character of a purchaser for valuable consideration and is entitled to a preference. *Towle* v. *Swasey*, 106 Mass. 100. *Richardson* v. *Hall*, 124 Mass. 228, 234. *Borden* v. *Jenks*, 140 Mass. 562. It is suggested by the guardian *ad litem* of certain persons interested that the other provisions in the body of the will may well be taken as equivalent to a reasonable provision in lieu of dower. But that position is untenable. There is nothing in the will to show that any one bequest was intended to be in lieu of dower rather than another. Moreover, as said by Devens, J., in *Borden* v. *Jenks*, *ubi supra* (p. 564), " Whether the provision be more or less, so far as the testator, the widow, and all pure beneficiaries under the will are concerned, it is the right of the testator to affix what consideration he pleases for the relinquishment of dower, and for the widow to accept or reject it." The second question must be answered in the affirmative.

3. The third question must be answered in the negative. The condition upon which the $5,000 was to be paid to Ralph Linder Pope upon his arriving at twenty-one years of age was that the testator should not then be living. When Ralph arrived at that age the testator was living. The legacy never became payable nor can it ever be.

4. " If the income of the trust estate, after having paid all administrative expenses, is insufficient to make all the payments which the testator provided in his codicil should be made from such income," then the legacy to the widow, for reasons herein-

before stated, is preferred and is entitled to be paid in full, and the other legacies are to be abated *pro rata.* No direction as to the legacy for the education and support of Ralph Linder Pope while a minor arises because, as before stated, he was twenty-one years of age before the testator died.

5. Although the record does not show that the income of the trust fund is insufficient to meet the demands upon it, yet it was stated at the argument and all parties agreed that there was such insufficiency. The fifth question is not therefore before the trustees and may never be before them. For this reason we have no occasion to consider it.

6. The sixth question calls for an interpretation of the following paragraph (f) in the substitute for Article Eighth of the will contained in Article Second of the codicil. " To each of my surviving children who shall be of age at the time of my decease, and to any child of mine who shall be a minor at the time of my decease when he shall attain his majority, an annually increasing income, the amount of which shall be dependent upon the age of such child, and shall be determined as follows, to wit: three thousand dollars ($3,000) a year at the age of twenty-one years, with an increase of one thousand dollars ($1,000) a year thereafter for ten (10) years: For instance, a child who shall be twenty-one (21) years old at the time of my decease will receive an income at the rate of three thousand dollars ($3,000) a year, at the age of twenty-two (22) four thousand dollars ($4,000) a year, and so on, till at the age of thirty (30) years a child would receive the maximum income, viz., twelve thousand dollars (12,000) a year."

What does this paragraph mean? It is argued on the one hand that the clause expressly says that the legatee at twenty-one years of age shall have $3,000 a year with an increase of $1,000 a year thereafter for ten years, and that the only possible meaning of this is that to the $3,000 is to be added $1,000 ten times, and hence the maximum is $13,000, and that the ten years does not expire until the thirty-first birthday is reached, and that this plain meaning of the language is to stand notwithstanding the subsequent language in which it is contended that the testator made an arithmetical mistake. It is argued on the other hand that the illustration shows the maximum limit which the

testator intended to fix to the legacy, namely, $12,000, and that the time for stopping the increase would be upon the thirtieth birthday and that the mistake, if any, is in the first clause and not in the second.

It is plain that there is a blunder somewhere. The clauses are irreconcilable if each is to be literally interpreted as it reads. Which shall yield? It is to be noted that this is not a case where the inconsistent clauses are independent statements having no relation to each other. On the contrary it is a case where the second clause is explanatory of the first, or in other words the second clause is the testator's own statement of what he means by the first. In that explanation of his meaning he describes $12,000 as the maximum limit of the bequest and thirty years as the age at which the increase shall stop. In the first clause he expressly states the minimum, in the second he expressly states the maximum; in the first the age at which the legacy shall begin, in the second that at which the increase shall stop. The second clause states in the testator's own language the result he supposed he had reached by the first, and evidently the result he intended to reach, while the first clause describes the manner of reaching it. It seems to us more probable that the inconsistency is due rather to an inaccuracy in stating the details of the method of reaching the result than in the express statement of the result itself. The rule of interpretation is somewhat analogous to that which is applied in the matter of description of land, where distance and direction must yield to monuments. The result is that the first clause so far as inconsistent with the second must yield. The maximum is $12,000 and thirty is the age beyond which there is no increase.

7. There being no excess of income there is no occasion to consider either the seventh or eighth questions.

8. It appearing by reference to the facts stated in the bill of the executors for instructions, which by the terms of the report may so far as material be regarded as a part of this case, that the stock referred to in the ninth question is not in the hands of the trustees nor obtainable in the market, this question is not answered.

There is to be a decree in accordance with the terms of this opinion, and it is

*So ordered.*