IN RE ESTATE OF ELIZA M. VANDEVEER.
HARRY B. WOODING, APPELLEE, V. WILLIAM B. WILLIAMS, APPELLANT.

FILED JULY 13, 1923. No. 22336.

**Wills:** CONSTRUCTION. When it becomes necessary to construe a will, the entire instrument will be considered, and if, from its language, the intention of the testatrix can be ascertained, such decree will be entered as best effectuates the intention therein expressed.

APPEAL from the district court for Nemaha county: JOHN B. RAPER, JUDGE. *Affirmed.*

*H. A. Lambert,* for appellant.

*Kelligar & Ferneau, contra.*

Heard before MORRISSEY, C. J., LETTON, DEAN and DAY, JJ., BUTTON, District Judge.

MORRISSEY, C. J.

This is an appeal from the judgment of the district court for Nemaha county construing the will of Eliza M. Vandeveer, formerly Kimberley. November 6, 1893, Eliza M. Kimberley, widow of George G. Kimberley, executed her last will and testament. Subsequently she married Absolem Vandeveer. She died February 6, 1895. Her will was admitted to probate March 19, 1895.

The testatrix had no children by either marriage, but while her first husband was still living there was taken into the family a boy, who was never regularly adopted, but was reared by testatrix and her husband; known by the name Kimberley and treated as if he were a son.

The will provided for the payment of debts and funeral expenses, and devised a specific tract of land to testatrix's sister for life, with remainder to the sister's son, Harry B. Wooding. Certain personal property is also given to the sister. No question is raised as to these devises and bequests, but the third paragraph of the will gives rise to this litigation and reads as follows:

"I give, devise and bequeath unto my son George H. Kimberley the east 1/2 south west quarter sec. 33, town 4, range 15, 80 acres, to be used by him during his natural life and in case he should die without legal heirs said 80 acres to revert to Harry B. Wooding or his heirs.

"And whereas there are certain sums of money due me upon notes given by said George H. Kimberly, it is my will that such indebtedness immediately after my death shall be canceled by my executor and I do hereby release the person aforesaid from the payment of all debts due me.

"Furthermore, whereas there is likely to be personal property left over and above the amount necessary to pay my just debts and funeral expenses.

"I therefore give, devise and bequeath from said amount remaining the sum of five hundred (500) dollars to be used for the purpose of building a house on above mentioned 80 acres for said George H. Kimberley. My executor will see that the above wish is fully carried out.

"The above five hundred (500) is not to be used for any other purpose.

"Furthermore I give to George H. Kimberley one team of horses and harness."

Another paragraph provided that George H. Kimberley should have all her farming implements and tools

if he went upon the farm and used them, but otherwise they should revert to the nephew, Harry B. Wooding. Executors were duly appointed. They paid all debts and claims against the estate and made proper distribution of the property except the $500 mentioned in the third paragraph of the will. The sum which the executors were authorized to spend in the erection of a house was never so used, but was properly invested, and the principal sum together with the accrued interest are now in the hands of the executors. All other matters connected with the estate having been duly closed, the executors prayed for a decree disposing of this sum and granting them a final discharge from their trust.

After the death of the testatrix, George H. Kimberley was placed in possession of the land, tools, farming implements, and other property, as provided by the will, but he never established his home upon the farm. He soon departed from Nemaha county leaving creditors, one of whom caused an attachment to be levied upon his interest in the land and a judicial sale of his interest was made. George H. Kimberley has not been heard from for many years and is presumed to be dead. It is claimed, however, that, if dead, he left surviving him a wife and child. These matters we regard as unimportant in the disposition of the question presented. By a petition in intervention, appellant, in the county court, set up his ownership of the life estate of Kimberley and also his ownership of the interest of Harry B. Wooding, the remainderman. The petition alleged that immediately upon the death of the testatrix, not only the land, but the sum directed to be spent in the erection of the house became vested in Kimberley, and asked that the court direct the executors to use the fund in their hands to erect a house upon the land. The county court entered a decree as prayed by the intervener, but on appeal to the district court this decree was set aside, and the court found that the $500 mentioned in the third paragraph of the will was bequeathed for the personal use of

George H. Kimberley, and that when he abandoned the premises and permitted them to be sold the gift lapsed and became impossible of fulfilment; that the sum in the hands of the executors became intestate estate; ordered distribution accordingly, and dismissed the petition of the intervener.

Appellant earnestly contends that the court erred in finding, as a matter of law, that the sum mentioned was for the personal use and enjoyment of George H. Kimberley; that the bequest lapsed when he abandoned the premises, or that the bequest became intestate estate.

There is no disputed question of fact, and we are left to a consideration of the will as a whole to determine what was in the mind of the testatrix at the time of its execution. At the outset it may be noted that she did not direct the payment of this sum of money to George H. Kimberley that he might erect a house, but the language employed is in the nature of a direction to her executor to retain control and possession of the money until he had spent the same in building a house "for said George H. Kimberley," and there is added the further admonition that the money shall be used for no other purpose. This final admonition certainly does not indicate an intention on the part of testatrix to build a house for the use and benefit of attaching creditors. But the paragraph in the will whereby she gave this foster son the farm, implements and machinery on condition only that he use them upon the farm, and that upon his failure so to do they should go to her nephew, indicates a desire on her part that the young man settle down and make a home upon the farm. The conditions imposed, however, show that she had doubts of his stability of character, and therefore provided for the disposition of the machinery in case it was not used upon the land. The fund was placed with the executor that he might use it in the erection of a house "for said George H. Kimberley." A limitation was placed upon the use of the fund. It was not an unqualified direction to expend

the money upon the land.   It was to be expended only for a definite and specific purpose, and for the use and benefit of George H. Kimberley, and, in the language of the will itself, "not to be used for any other purpose."

By his own conduct Kimberley made it impossible for the executor to use the money for the purpose directed. It will not be doubted that, had some friend pointed out to testatrix when she was executing her will the train of events which subsequently transpired, and had told her that the court would direct this fund paid over to the purchaser of the land at judicial sale, she would at once have denied any intention to have the fund so used.   It is the duty of the court to carry out the intention of the testatrix when such intention can be gathered from the instrument.   We hold that the district court did not err in holding that the fund in the hands of the executor is intestate estate, and in dismissing the petition of the intervener.   The judgment is

AFFIRMED.