In re Estate of Hiram L. Smith.
Elwin W. Sherrard, appellant, v. Charles H. Sloan et al., Executors, appellees.

Filed January 10, 1929. No. 26173.

*Waring & Waring* and *Cline & Williams,* for appellant.

*Sloans, Keenan & Corbitt, contra.*

Heard before GOSS, C. J., THOMPSON and EBERLY, JJ. and STALMASTER and REDICK, District Judges.

REDICK, District Judge.

This action involves the construction of the will of Hiram L. Smith, and presents but one question, namely, whether the income, rents and profits of the share bequeathed and devised to the appellant, Elwin W. Sherrard, shall be paid over to him by the executors before his arrival at the age of 35 years, he now being aged 21. The county court, and, upon appeal, the district court for Fillmore county, held that he was not entitled to receive the income until he reached the age of 35, and he brings the case here for review.

The will in question, with two codicils, is quite lengthy, and we do not consider it necessary to set it forth *in extenso,* but will quote such portions as are relevant to the question for decision.

After the formal parts and providing for some legacies, the will provided as follows:

"5th. I give, bequeath and devise unto my well-loved grandchildren, Mrs. Bess Butler Wilson, Newell Butler, and Dorothy Butler, and to the infant child of my deceased granddaughter, Mrs. Maud Butler Sherrard, the 800 acres owned by me in Geneva township, Fillmore county, Nebraska, and more fully described as follows: The north half (N½) of section twenty (20) ; the northwest quarter (NW¼) of section twenty-one (21) ; and the south half (S½) of section twenty-eight (28) ; all being in town seven (7) north, range three (3) west of the 6th P. M. in Fillmore county, Nebraska, according to the government survey, to be theirs absolutely, share and share alike as ten-

ants in common; subject to the possessory right hereinafter granted to my trustees hereinafter named, until said trust is fully executed or said trustees duly discharged; and subject further to the condition that the devises herein granted shall not vest and ripen until each of the said legatees shall reach the age of twenty-one (21) years, and if any of said devisees shall die before reaching the age of 21 years, leaving no lawful issue of his, or her body, then the share of such devisee so deceased shall pass to and vest in the surviving of my said grandchildren or greatgrandchild; but if such devisee so deceased shall leave lawful issue of his, or her body, then I direct that the share of such deceased devisee shall pass to such lawful issue by right of representation.

"6th. All the rest and residue of my estate, real, personal, and mixed, together with the rents and profits, use and benefits, and full legal possession of the lands devised in paragraph five (5) hereof, I hereby set apart and constitute the same as a trust fund and estate, to be created, collected and governed, used and expended as follows:"

Then follow the appointment of trustees and instructions as to their duties, including the following:

"(c) That the said trust fund and estate shall be used, expended and applied as follows:

"(1) In the payment of the taxes and legal assessments on the property so held in trust. In the payment of the necessary costs of necessary and proper repairs and insurance upon said property, so that the same shall.be kept in good reasonable condition and free from loss or waste thereon."

The will then provides for the establishment of a "Ladies Home" at Orland in the state of Indiana. This bequest was revoked by the first codicil and in lieu thereof a pension fund of $30,000 was provided for the benefit of certain classes residing in and within a radius of ten miles of the town of Orland.

"7th. All the rest, residue and remainder of my estate,

real, personal and mixed, I give and bequeath unto my lawful heirs, my son Curtis Adams Smith, and Hattie Smith Butler, of Geneva, Nebraska, to be theirs absolutely, share and share alike, subject to the possessory rights heretofore granted to my said trustees in said property, but the rights of possession and the rents and profits therefrom, in my said heirs, is deferred until all the charges, bequests and trusts in my will provided have been fully met and complied with." .

"15th. I further direct that my said trustees, during the time that the amounts of the bequests herein provided for are accumulating, that such funds shall be kept safely invested in interest bearing and readily disposable securities, so that the funds so on hand shall not lie idle, but shall add to the said trust fund by the interest earned on such funds as they accrue in the hands of my said trustees. But in the loaning of such funds care to be exercised and the safety of the principal to be carefully guarded rather than to attempt to secure a specially large rate of interest."

The will was dated January 3, 1911, and on March 12, 1913, a codicil was executed revoking one of the bequests of a legacy and that for the establishment of a Ladies Home as above stated, and containing the following:

"Third. Having now arrived at the age of eighty-four years, and having seen a great many men, and having observed the effect upon them, their health, and fortunes, of the excessive use of intoxicating liquors, it is my desire and will that no person shall be a beneficiary under this will of mine who shall use intoxicating liquors as a beverage, and while I do not regard myself as perfect in any respect, yet I have never regretted my own course of life in this respect. I hereby direct, authorize, and empower my executors hereinafter named to withhold and absolutely deny any person named or referred to in my will who shall not for a period of not less than five years next preceding the time for distribution wholly abstain from the use of intoxicating liquors as a beverage. And should any of the

said beneficiaries be adjudged by my said executors to have within such period used intoxicating liquors as a beverage, then. they shall cause such person or persons interest in my estate to lapse and become a part of my general estate for the benefit of my other heirs and legatees."

The appellees were appointed executors and provision made for the filling of vacancies.

On June 24, 1915, a second codicil was executed containing the following provisions:

"First. I hereby direct that my executors named in my will, or those that may succeed them or any of them, to fully inform themselves concerning the personal habits and practices of each. and every legatee or devisee under my will, with special reference to whether they or any of them have subsequently to this date, and before delivering unto him, her, or them, a share or any part of my estate, used intoxicating liquors or harmful drugs to the extent of intemperance or excess. That my said executors or a majority of them shall be the judge of that fact, and if my said executors shall find that any such heir or devisee has within the period above mentioned indulged in the use of intoxicating liquors or such harmful drugs to the extent of intemperance or excess, then the said heir or devisee shall forfeit all right to receive any share or portion of my estate, real, personal or mixed, and that such share or portion so forfeited shall lapse, and become a part of my general estate, to be divided according to the terms of my will relating to the residue of my estate after paying expense of administration, my just debts, discharge of my trust imposed, payment of bequests and compliance with all other special bequests or devises in said will provided.

"Second. I further specifically will and direct that should any bequest or devise made by me to any of my heirs or devisees become complete upon the settlement of my estate and such devisee or heir shall not have attained the age of 35 years, then and in that case or cases I direct that said share be controlled by my executors named in my will or their successors, for the benefit of such heir or

devisee until he, she or they shall have attained the age of 35 years. It is further provided that if the real estate devised to any of my heirs should through legal process be converted into money, or if my representatives hereinbefore referred to shall deem it for the best interest of such devisees or heirs to convert such real estate into money, then and in that event the proceeds thereof shall be immediately invested in good Fillmore county, Nebraska, farming lands, or securities thereon, to be held for such heirs or devisees, until he, she or they shall have attained the age of 35 years."

The will then contained a special provision for the building of a home for appellant upon a tract of 40 acres upon condition that said tract be conveyed by appellant's father to said Elwin, such conveyance to contain a provision that title "shall remain in him inalienable and incapable of incumbrance until he shall reach the age of thirty-five years."

The object to be obtained by the construction of a will is to discover the intention of the testator, and when this is made clear, it is the duty of the court to effectuate such intention and enforce the will according to its terms. The intention of the testator must be found in the words used by him, giving them their general meaning in preference to any technical significance which may have attached to them by legal usage, in case of conflict. As stated by many decisions, it is the duty of the court to take the will by its four corners and from a critical consideration of the entire will determine the testator's intention. 40 Cyc. 1389. If the language of the will is ambiguous or uncertain and capable of more than one construction, the court may then consider the relationship existing between the testator and the objects of his bounty and the surrounding circumstances at the time the will was made and any other facts having a tendency to throw any light upon the testator's intention.

We think the will in question makes use of words and language which clearly indicate the intention of the testator. The will and codicils together constitute the last

will of the deceased and must be construed as one document, excluding such earlier portions as have been canceled or revoked by later provisions. The construction of deeds and wills differs in this respect, that, where inconsistencies exist between different portions of the document, the prior provision controls in case of a deed, but the last provision in case of a will. *Martley v. Martley,* 77 Neb. 163.

It follows, as conceded by the parties, to which construction we agree, that although by the provisions of the fifth paragraph of the main will the estate thereby devised to appellant vested in him upon his arrival at the age of 21 years, it was subject to be devested upon some condition or the happening of some contingency provided for by later clauses. In fact, it is agreed by all that appellant took a vested estate upon arrival at 21, subject to be devested in case he should not attain the age of 35, or if during a period of five years prior to his arrival at the age of 35 he had become addicted to the use of intoxicating liquors or harmful drugs to the extent of intemperance or excess. That a vested estate may be devested by a condition subsequent, see, *Smith v. Smith,* 64 Neb. 563.

This being the true position, the question for determination is whether or not appellant is entitled to receive the income and profits of the estate during the period between the ages of 21 and 35. The appellant strongly maintains the affirmative of this proposition, basing his argument principally upon that portion of the second paragraph of the second codicil which is in the following language:

"Second. I further specifically will and direct that should any bequest or devise made by me to any of my heirs or devisees become complete upon the settlement of my estate and such devisee or heir shall not have attained the age of 35 years, then in that case or cases I direct that said share be controlled by my executors named in my will or their successors, *for the benefit of such heir or devisee* until he, she or they shall have attained the age of 35 years."

The argument of counsel is that the words "for the benefit of such heir or devisee" mean the same as the expression "for the use and benefit of such heir or devisee," and he cites a number of cases to that effect and holding that under either expression the devisee is entitled to the income during the period prior to the happening of the condition or contingency imposed. The decisions cited probably state the correct rule of law as applied to those cases as follows: "The general rule is that, if a bequest of a residue vests subject to be devested on the happening of a contingency, the first legatee is entitled to receive the income accruing until the contingency happens, *unless a different intention on the part of the testator appears*" (italics ours)—citing a number of cases, the quotation being taken from *Wright v. White,* 136 Mass. 470.

It thus is seen that the question still remains whether the general meaning of the phrase in question is controlled by other provisions of the will. We think it is.

By the sixth provision above quoted the rents and profits of the lands devised in paragraph five are set apart as a trust fund for the establishment of a ladies home at Orland. This might have deferred the right of the devisee to possession to a period beyond his arrival at the age of 21. True, this bequest was revoked, but another one was substituted therefor, the creation of a fund for pensions, which might have postponed the right of possession for an indefinite period, to wit, until the last pensioner had been provided for.

Again, by the seventh paragraph the shares of the residuary legatees were made subject to the possessory rights of the trustees, and their rights to the possession and rents and profits were deferred until all charges, bequests and trusts had been complied with. While this clause does not include the share of applicant in the 800 acres, it has a bearing upon testator's intention. Also by the fifteenth paragraph the testator directed that—"During the time that the amounts of the bequests herein provided for are accumulating, that such funds shall be kept safely invested

in interest bearing and readily disposable securities, so that the funds so on hand shall not lie idle, but shall add to the said trust fund by the interest earned on such funds as they accrue in the hands of my said trustees."

In paragraph third of the first codicil the following language appears: "It is my desire and will that no person shall be a beneficiary under this will of mine who shall use intoxicating liquors as a beverage." And the following: "I hereby direct, authorize, and empower my executors hereinafter named to withhold and absolutely deny any person named or referred to in my will who shall not for a period of not less than five years next preceding the time for distribution wholly abstain from the use of intoxicating liquors as a beverage. And should any of the said beneficiaries be adjudged by my said executors to have within such period used intoxicating liquors as a beverage, then they shall cause such person or persons interest in my estate to lapse and become a part of my general estate for the benefit of my other heirs and legatees." And paragraph "first," above quoted, of the second codicil places the duty upon the executors to inform themselves as to the personal habits of every devisee with special reference to whether he used intoxicating liquors or harmful drugs to the extent of intemperance or excess, "before delivering unto him, her, or them, a share or any part of my estate;" and if in the judgment of the executors such devisee has been so addicted within the period above mentioned, he "shall forfeit all right to receive any share or portion of my estate," and provides for the lapse of such share into the general estate.

Does it appear from the language of these provisions that the testator had a different intention than that which would be ordinarily inferred from the use of the words "for the benefit of such heir or devisee until he, she or they shall have attained the age of 35 years," appearing in the second paragraph of the last codicil? The answer must be in the affirmative. The testator recites the knowledge gained by him during an active life of 84 years, of

the ravages, distress and loss occasioned by the excessive use of intoxicating liquors and harmful drugs, and it was his evident intention to protect his devisees, as far as he was able, from the calamities resulting from the habits denounced, until such time, as in his judgment, they had attained an age when their own experience and years would probably render them immune from the dangers and temptations of youth in connection with those particular matters. That it was testator's intention that appellant should not have control of any part of his devise until arrival at age 35 is further indicated by the provision for building him a house upon condition that the deed to the 40 acres should contain a provision against alienation or incumbrance until that time. The necessity for this provision is not apparent if devisee was to receive full control of the income of his devise at 21. Appellant contends that there is no express provision for accumulation of interest and income, and that the word "share" as used in the second paragraph of the second codicil must be construed as having reference to the corpus only of the devise. This may be conceded considering this paragraph by itself, but when read in connection with other clauses of the will, as we must do, it is evident, as above stated, that it was the intention of the testator that no person should be a "beneficiary under this will," or have delivered unto him "a share or *any part* of my estate," who was a victim of the habits denounced. And it is specifically provided that such person "shall forfeit all right to receive any share *or portion* of my estate," and that such person's "interest in my estate shall lapse" and become a part of the general estate. The language quoted permits of but one interpretation; viz., that such person shall be excluded from any share, part, portion and interest in the estate. The greater includes the less, and the context clearly implies that the word "share" in the second paragraph was intended to include the income by providing that, if the devise became complete before the arrival of devisee at 35 years of age, the control should be in the executors. What reason for

such control, unless to secure the carrying out of testator's intention to exclude certain devisees from all participation in his estate unless the condition subsequent was complied with?

The "first" and "second" clauses of the last codicil are not inconsistent. The "first" provides the condition upon which the devisee may take, and the "second," that until arrival at 35 years the executors shall control.

It is argued by appellant that under the construction we have adopted, "if the 'heir' should die any time before his thirty-fifth birthday, the 'heir' would never receive any benefit of the devise or legacy." It may be true that appellant, in such event, would receive no benefit; but whether true, or whether appellant's heirs would be cut off, we need not determine at this time. Cases of this kind must be determined from the language of the particular instrument involved, and decisions upon the construction of other wills are of little value except as to the general principles of construction. We have examined the cases cited by appellant and they are not applicable to the peculiar provisions of the will in question.

A testator has a right to dispose of his property in any manner he sees fit and to attach any conditions to its possession and enjoyment, provided no positive rule of law or public policy is infringed; and, as before stated, it is the duty of the courts to enforce the will of the testator, under the above limitations, in accordance with his intention as expressed by the words used.

The judgment of the district court is right and is

AFFIRMED.