IN RE ESTATE OF E. F. SKINNER.
EDGAR SKINNER, EXECUTOR, APPELLEE, V. BERTHA DEVALL
ET AL., APPELLANTS.

FILED JANUARY 29, 1932. No. 27927.

*Maher & Carrigan,* for appellants.

*O'Hanlon & O'Hanlon, contra.*

Heard before GOSS, C. J., DEAN and EBERLY, JJ., and RAPER AND RYAN, District Judges.

RYAN, District Judge.

On the 4th of October, 1927, E. F. Skinner, a resident of Washington county, Nebraska, executed his last will and testament. The provisions, so far as material to this case, are as follows:

"Second. I hereby give and bequeath unto my beloved daughter, Mrs. Bertha Devall, the sum of One Thousand Dollars ($1,000) to be paid to her within six months from the date of my death by my son, Edgar Skinner, and if not so paid the same shall bear interest at 4 per cent. from the date of my death.

"Third. I hereby give and bequeath unto my beloved daughter, Mrs. Ella Raver, the sum of One Thousand Dollars ($1,000) to be paid to her within six months from the date of my death by my son, Edgar Skinner, and if not so paid then the same shall bear 4 per cent. interest per annum from the date of my death.

"Fourth. In consideration of my beloved son, Edgar

Skinner, providing me with a good comfortable home the rest of my life together with the necessary food, clothing and care to sustain me in comfort and of his surrendering to me my note executed to his wife and also of his paying a note that I executed to the Plateau State Bank of Herman, Nebraska, I hereby give, devise and bequeath unto him my said son all the rest, residue and remainder of my estate, both real and personal wheresoever situated; but upon this further consideration that he pay to each of my said daughters named in the second and third paragraphs of this will the legacies therein set forth to each of them within six months from the date of my death and should he fail to do so then and in that event I do now provide that said legacies shall bear 4 per cent. interest from the date of my death, the said legacies shall be and remain a charge and lien against my real estate until fully paid. It is my intention that my said son shall keep my farm charged only with the payments of the above legacies.

"Fifth. I hereby nominate and appoint my beloved son, Edgar Skinner, executor of this my last will and testament without bond.

"In witness whereof, I have hereby declared the above to be my last will and testament this 4th day of October, 1927.

"E. F. Skinner."

Then follow the usual attestation clause and the signatures of two witnesses.

On September 27, 1929, E. F. Skinner died, and on November 2, 1929, Edgar Skinner, the executor named in the will, petitioned the county court of Washington county for the probate of the will, and on December 11, 1929, the will was duly admitted to probate and Edgar Skinner was appointed executor. He qualified and since that time has been acting as such executor. The usual statutory proceedings in probate followed, and on May 8, 1930, the executor filed his petition for final settlement, alleging, among other things, that he, as residuary legatee, had complied with all the specific conditions contained in the fourth

paragraph of said last will and testament. On May 16, 1930, Bertha Devall and Ella Raver, daughters of E. F. Skinner, deceased, filed objections and an answer to the petition for final settlement, and alleged that the devise in the fourth paragraph of the will failed because of noncompliance with the conditions therein, and asking that proof of heirship be taken and the property described in the fourth paragraph descend according to the intestate laws of the state of Nebraska. Hearing was had and a decree entered in favor of the devisee, Edgar Skinner. The appellants herein appealed from said order and decree to the district court for Washington county, Nebraska. Trial was had and on January 2, 1931, decree was entered, finding that the devisee, Edgar Skinner, had complied with all of the conditions in the fourth paragraph of said last will and testament, and that he was the absolute owner in fee simple, by reason of said devise, of all the property belonging to said estate. From these findings and decree the appellants bring the case to this court for review.

The appellee, Edgar Skinner, is the only son, and the appellants, Bertha Devall and Ella Raver, are the only daughters of the deceased. Appellee had lived at home with his parents until he was thirty-five years old before marrying. In 1913 he married and in 1929, when his father died, he was forty-nine years of age. The mother of the parties died in 1919. After appellee's marriage, his parents lived in one house on the farm and the appellee and his family lived in another on the farm until the death of the mother, when the father moved in with the appellee and his family and lived with them until his death. E. F. Skinner, the father, was past eighty-one years of age at the time of his death. He had purchased the land involved in this action about twenty-five years prior to his death. The appellee, Edgar Skinner, lived at home and after 1919 farmed this land. He paid all taxes, repairs, interest and other bills, but paid no other rent.

At the time the will was made, October 4, 1927, the deceased was indebted to Nettie E. Skinner, the wife of the appellee Edgar Skinner, for money borrowed, in a sum

not definitely disclosed by the evidence, which was evidenced by a note. The amount due on this note at the time of the death of E. F. Skinner appears to have been about $2,200. This is the note referred to in the fourth paragraph of the will. This note was surrendered by Nettie E. Skinner to the executor on December 12, 1929, about three months after the death of the testator. The entire estate of the deceased consisted of the eighty-two acres of land involved in this action and $3.65 in cash. The claims allowed against the estate, including the note to the Plateau State Bank and the expenses of administration, amounted to $852.25. This amount was paid by the executor, Edgar Skinner, as residuary legatee.

The deceased was indebted to the Plateau State Bank of Herman, Nebraska, on a note in the sum of $250, which is the other note referred to in the fourth paragraph of the will. The Plateau State Bank filed a claim for the amount of this note with the county judge of Washington county and it was allowed as a claim against the estate. It was paid by the executor out of his own personal funds on March 1, 1930.

The residuary legatee, Edgar Skinner, also tendered to Bertha Devall and Ella Raver the sum of $1,000 each, within six months from the date of the death of the testator, as provided in the second and third paragraphs of the will, but they refused to accept the same. He thereupon tendered the amount of these two legacies into court and the tender has been there continued.

It is contended by the appellants that the provisions of the fourth paragraph of the will are conditions precedent, and that, since compliance with these provisions was not made during the lifetime of the testator, the conditions were not complied with, and accordingly the devise in the fourth paragraph failed. The sole question necessary for the decision of this case is therefore whether or not the provisions of the fourth paragraph of the will are conditions precedent.

It is well settled that there are no set rules which always determine whether a devise be on a condition pre-

cedent. In different cases the same words have been interpreted differently. It is always a question of intention. The general rule is that, in interpreting or in construing a will, it is the duty of the court to ascertain, if possible, the testator's meaning and intention, and to give effect to it, unless it be prohibited by law. In determining the intention of the testator, the court must take into consideration all the facts and circumstances surrounding the testator at the time of the making of the will, as well as the provisions of the will itself. *Fisher v. Fisher,* 80 Neb. 145; *Gotchall v. Gotchall,* 98 Neb. 730; *In re Estate of Vandeveer,* 110 Neb. 651; *In re Estate of Smith,* 117 Neb. 776. Upon looking at the will, it will be seen that in the second and third paragraphs of the same the testator bequeathed legacies of $1,000 to each of his two daughters and in the fourth paragraph bequeathed the remainder of his estate to his son, Edgar Skinner, and made the legacies to the daughters a lien upon the real estate. He closed the paragraph with this statement: "It is my intention that my said son shall keep my farm charged only with the payments of the above legacies." Following the rule laid down by this court in *Martley v. Martley,* 77 Neb. 163, that the last provision in a will controls, where there are inconsistencies in the instrument, we think the language just quoted clearly indicates the intention of the testator and is controlling in this case.

Furthermore, the will made no provision for a forfeiture of the title, nor was a devise over made, in case of default on the part of the residuary devisee. We think it is clear that the testator did not intend the provisions set forth in the beginning of the fourth paragraph as conditions precedent, but merely stated the motives or reasons for the residuary devise.

We have carefully considered the evidence as to the care and support of the testator and find that the son substantially complied with the provisions of the will in that regard.

The decree of the district court is correct and is

AFFIRMED.