MINNIE DOROTHY KENFIELD, APPELLANT, V. ADOLPH DUDEK, EXECUTOR, ET AL., APPELLEES.

283 N. W. 209

FILED JANUARY 6, 1939. No. 30444.

*N. H. Cornell*, for appellant.

*Courtright, Sidner, Lee & Gunderson*, contra.

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER and MESSMORE, JJ.

EBERLY, J.

This is a suit in equity for the construction of the will of George W. Wertz, and for other relief. The petitioner is Minnie Dorothy Kenfield, a sister of the deceased, and Lottie V. Wertz, the widow of deceased, may be said to be the defendant.

The record discloses that George W. Wertz died on May 29, 1934, leaving his last will and testament, which had been executed by him on July 26, 1929, and a codicil thereto bearing date of October 19, 1932. On August 23, 1934, these instruments were duly admitted to probate. Administration has been had in said estate, and the final account of the executors approved. Lottie V. Wertz, appointed by the terms of the will as a trustee, has given bond and qualified as such. The value of the remaining property belonging to this estate is approximately $3,500, and the annual income arising therefrom amounts to approximately $400 *per annum.*

The will of George W. Wertz, as executed by him on July 26, 1929, contains seven paragraphs. Of these, five paragraphs relate to the controversy here presented, viz., the first, second, third, fourth and seventh of the original will, as modified by the provisions of the codicil of October 19, 1932.

The first paragraph provided that "all my just debts, funeral expenses and expenses of administering my estate be first paid."

The applicable provisions of the second paragraph of the original will are: "It is my will that * * * she (plaintiff) shall be paid the sum of $25 per month during the term of her natural life while living with her husband Marion Kenfield; and if she shall live apart from him then she shall be paid the sum of $50 per month during the term of her natural life, such sums to be paid monthly in advance," etc.

The third paragraph of the original will reads as follows:

"I give, devise and bequeath to my wife, Lottie V. Wertz, all the remainder of my estate wheresoever situated and of whatsoever nature, with the exception of the redwood bookcases and cabinet hereinafter mentioned, for her exclusive use during the term of her natural life, she to have the joint management thereof, and the entire income therefrom. In case she shall need any part of the principal to employ necessary care and to keep her in comfortable circumstances, she may use such part thereof as may be necessary for such purposes. I desire that she may not be held to any critical accounting in this respect, but may use sound discretion as to what constitutes necessity or comfort."

The fourth paragraph of the will directs, that, "after the death of my wife," the Wertz estate shall be reduced to money, and such money "divided into three equal parts," and two parts paid over to the children of two brothers of the deceased, and one part to the children of Minnie Dorothy Kenfield. This paragraph also sets forth: "These bequests are all at all times to be subject to the payment of the monthly allowances aforesaid to my sister (Minnie Dorothy Kenfield) during the term of her natural life, and a sufficient part of my estate shall always be preserved to insure such payments, and not divided until the death of my sister."

The seventh paragraph of the original will governs the distribution of this estate, "after the death of my wife and after the death of my sister above mentioned," and pro-

vides that, "until the death of my sister, Minnie Dorothy Kenfield, each and all of my trustees herein named or hereafter named or appointed, shall preserve in their hands enough of said estate to insure the payment of the monthly allowance to my sister as above set forth, during the term of her natural life."

The codicil to this will, duly executed, bearing date of October 19, 1932, contained the following provisions:

"In view of changing conditions which have much depreciated the value of my property, and whereby I have lost a good deal of money during the past two years, I hereby make, publish and declare this to be a codicil to my last will and testament of date July 26, 1929, which will is now in the hands of Adolf Dudek, of Clarkson, Nebraska.

"1. My wife shall pay to my sister, Mrs. Dorothy Kenfield, the sum of $15 per month as long as she remains with and lives with her husband; and in the event of a divorce or permanent separation from her husband, my sister shall receive from my widow $25 per month.

"2. In the event that my interest in helium gas bearing lands in Stanton county or in Colfax county shall yield enough to pay my wife therefrom $25,000 or more, she shall pay to my sister per month as set forth in my said will dated July 26, 1929, from the date of such receipt of money, or more if she shall feel able to do so, this being at her discretion. This property should pay my wife or my estate at least $100,000; and in that event she will have no difficulty in making the payments as stated in said will. She shall then also buy a suitable home for my sister, and keep the taxes paid on the same and the same in repair during the life of my sister, and buy her suitable furniture for living purposes and to keep her in comfort, regardless of whether she is married or living with her husband. The money for these purposes shall be taken from the principal coming from such interest in helium or other gas in Stanton or Colfax counties, and after the death of my sister the property constituting such home shall be the property of my sister's children.

"3. In all other respects the said will of July 26, 1929, shall remain in full force and effect."

The basic question presented by the issues in this case is whether, under the terms of this will, the sister, Mrs. Kenfield, is entitled to have her claim preferred over the rights of Mrs. Lottie V. Wertz, the wife and widow, to support, as provided in the third paragraph of the last will of the decedent, in the $400 income and the $3,500 principal, the entire residue now remaining in the George W. Wertz estate. The district court resolved this question in favor of the defendant. Plaintiff appeals.

It will of course be conceded that, "Where the language in a will is clear and unambiguous, there is no room for construction, and it becomes the duty of the executor to carry into effect the plain provisions of such a will." *In re Estate of Nelson,* 132 Neb. 376, 272 N. W. 219.

However, the quoted language of the testamentary instruments here involved, in view of the surrounding circumstances, may not be said to be clear and unambiguous, and clearly to ascertain the intent of the testator, questions of its proper construction must be rightfully determined. For, "In determining the meaning of particular parts, the intention of the testator is to be determined from the will as a whole." 69 C. J. 104. See, also, *In re Estate of Skinner,* 122 Neb. 438, 240 N. W. 549; *Seybert v. Seybert,* 118 Neb. 246, 224 N. W. 1; *In re Estate of Smith,* 117 Neb. 776, 223 N. W. 17; *Krause v. Krause,* 113 Neb. 22, 201 N. W. 670.

And, "The general doctrine is well settled that a codicil executed with the formalities required by statute for the execution of wills operates as a republication of the will, so far as it is not altered or revoked by the codicil, * * * and the will and codicil are to be regarded as but one instrument, speaking from the date of the codicil." 68 C. J. 861.

It may be noted that this is quite in harmony with provisions of the codicil as framed by the testator in the present case.

One of the real parties in interest here being the widow of the testator, the application of the following principle

is naturally invoked, viz.: "Provisions in a will for the benefit of the testator's widow should be construed liberally in her favor. It has been held that the fact that a testator owed his wife protection and support raises a presumption that he intended to make ample provision for her in his will, and an intention to leave his widow without means of support will be attributed to a testator only when clearly expressed." 69 C. J. 102.

This is particularly. true where either expressly or by necessary implication the testamentary provisions for the widow are in lieu of statutory rights possessed by her which are beyond the power of the husband to limit and control. Thus, a provision in lieu of dower is to be construed most favorable to the widow. *Matter of Goetz*, 71 App. Div. 272, 75 N. Y. Supp. 750; *Matter of Gabler*, 140 Misc. Rep. 581, 251 N. Y. Supp. 211; *Matter of Smathers*, 133 Misc. Rep. 812, 234 N. Y. Supp. 99; *Tarter's Estate*, 291 Pa. St. 458, 140 Atl. 502. In the case last cited the supreme court of Pennsylvania announced that all doubts will be resolved in favor of a widow accepting provisions of a will in lieu of her rights under intestate laws.

In the authorities above cited, the New York courts hold that, where a gift is founded upon the exclusion of dower, such fact is also to be taken into consideration, and the provision thus made is to be regarded as the dominant provision, and all other clauses are to be made subordinate thereto, if the will as a whole can be supported. See, also, *Stimson v. Vroman*, 99 N. Y. 74, 1 N. E. 147; *Roseboom v. Roseboom*, 81 N. Y. 356.

But, in the instant case, it appears that the property owned by George W. Wertz consisted in part of personal property, and in large part of real estate having its situs within this state. It appears that neither George W. Wertz nor his wife were parents of living children. By sections 30-101 and 30-103, Comp. St. 1929, on the death of the testator, the widow, subject to the payment of his debts, etc., became entitled to one-half of the real estate in fee simple, and to an equal portion of the personal property

of which the testator died possessed. By sections 30-107 and 30-108, Comp. St. 1929, the widow possessed the right of election between her statutory rights and the provisions of the will. In effect, in the instant case, she surrendered, for the benefit of the estate, her statutory rights in consideration of the provisions of her husband's will made for her benefit. In so doing, as to such testamentary provisions, she was a purchaser for value. In this transaction the element of gratuity constitutes no part. So, the facts of the situation bring Mrs. Wertz squarely within the protection of the principles of construction already discussed herein, and entitle her to the most favorable construction of paragraph three of the will under consideration. But the defendant in this case is not only entitled to this favorable construction because of the actual contractual consideration which she furnished, but also because of the inherent nature of the provisions of paragraph three of this will. It evidences an exclusive purpose and intent on the part of the testator, and is wholly occupied in furnishing and providing an adequate support and maintenance for the testator's wife.

The unquestioned rule established by the authorities, is: "A provision in favor of the support of a wife should receive the most favorable construction." 69 C. J. 946. See, also, *McCallum's Estate,* 211 Pa. St. 205, 60 Atl. 903; *Pope v. Pope,* 209 Mass. 432, 95 N. E. 864; *Rhode Island Hospital Trust Co. v. Hail,* 47 R. I. 64, 129 Atl. 832; *Sherman v. Riley,* 43 R. I. 202, 110 Atl. 629; *Davis v. Davis,* 138 Va. 682, 123 S. E. 538; *Moore v. Alden,* 80 Me. 301, 14 Atl. 199; *Forepaugh's Estate,* 199 Pa. St. 484, 49 Atl. 236; *Merriam v. Merriam,* 80 Minn. 254, 83 N. W. 162.

The acceptance of these canons of construction is decisive in the disposition of this case. If the second paragraph of the original will may be deemed ambiguous because the origin or source of the legacy of $25 or $50 a month for the benefit of the plaintiff herein is not definitely indicated, the ambiguity is removed by the terms of the codicil. "The provisions of a codicil may have the effect

of removing an ambiguity which appears on the face of the will." 1 Jarman, Wills (7th ed.) p. 167. See, also, *In re Venn* (1904-1905) W. N. Part I, 94.

The effect of this is that the residuary legacy or devise created by the words of the will, viz., "all the remainder of my estate wheresoever situated and of whatsoever nature," manifestly included all property remaining after payment of testator's debts, funeral expenses and the costs of administration. The extent of the property and the nature of the gift created and vested in Lottie V. Wertz by paragraph three of this will was clear, definite, and certain, and wholly unlimited and unmodified. For this, she waived her statutory rights. In turn she received the residue of the property of the estate for her exclusive use during the term of her natural life. The actual and unqualified receipt of the physical properties of this estate by Mrs. Wertz is unquestioned.

"In the absence of a clear direction to the contrary in the will, the beneficiaries have the same interest in the income, rents, and profits of the property given to them as they have in the property itself." 69 C. J. 284.

But, in addition to this presumption, the words of the will are that she shall have "the entire income therefrom," and "in case she shall need any part of the principal to employ necessary care and to keep her in comfortable circumstances, she may use such part thereof as may be necessary for such purposes." By the terms of the codicil, an intention is fairly expressed by the testator that the exclusive source of payment of the legacy provided for plaintiff should be the moneys derived from "helium or other gas in Stanton or Colfax counties." The provisions of the fourth and seventh paragraphs of the will upon which plaintiff relies appear to be qualified by the words "after the death of my wife," and construed with the will and codicil as entireties confer on plaintiff no present right of action. The sole and exclusive right to, and employment of, the income of the estate during the life of the widow is clearly vested in such widow. These rights are not to be

impaired by the other provisions of the testamentary instruments here involved. So long as the widow survive, the clear provisions of the testator's will in her behalf may not be deemed to be limited, modified, or qualified by the mere precatory language providing for the payment of certain amounts by defendant to plaintiff as set forth in paragraph two of the original will, as corrected and explained by the terms of the codicil thereto.

It follows that the clear terms of paragraph three of the original will fully vested in defendant widow all the rights therein defined and given, and which are exclusive of, superior to, and wholly unaffected by, the provisions of these testamentary instruments in behalf of plaintiff Kenfield. Therefore, the exclusive right to the enjoyment of all income arising from the estate of George W. Wertz, deceased, as well as all other rights and privileges, vested in the defendant Lottie V. Wertz by the terms of the third paragraph of the last will of deceased, wholly undiminished, unqualified, and unmodified by any of the provisions thereof in favor of plaintiff Kenfield, is in said Lottie V. Wertz duly confirmed.

The judgment of the district court is, therefore,

AFFIRMED.