MARTIN WALL ET AL., APPELLEES, V. ARTHUR R. WALL ET AL., APPELLEES, ROLAND A. WERTH ET AL., INTERVENERS-APPELLANTS.

59 N. W. 2d 398

Filed July 3, 1953. No. 33366.

*Edgerton & Powell*, for appellants.

*Charles F. Adams*, for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

This is an action for the partition of real estate. Plaintiff alleged that he, and nine-named defendants, are the owners of the real estate as tenants in common, basing the title on the will of Augusta P. Eberhard, which provides: "SECOND: After the payment of the debts and expenses as provided for in the first section hereof, I give and bequeath to my nieces and nephews, share and share alike, any and all property that I may have, including real estate, bonds or money:

"The nieces and nephews mentioned are as follows:

"Arthur Wall, Hampton, Nebraska, Martin Wall, Hampton, Nebraska, Harold Wall, Hampton, Nebraska, Mrs. Selma Brockman, Shoshone, Wyoming, Mrs. Lydia Serck, Bunieton, Missouri, Mrs. Clara Moellering, Cincinnatti, Ohio, Mrs. Florence Genz, Portland, Oregon, Mrs. Alma Otto, St. Carnas, Washington, Mrs. Mable Kohtz, Scottsbluff, Nebraska, and Elmer Kath, Kimball, Nebraska."

Roland A. Werth and Walter W. Werth intervened, alleging that testatrix had 15 nieces and nephews; that they (interveners) are among that number; that by naming 10, testatrix did not exclude the other 5; that all 15 are beneficiaries under the will; and accordingly, that interveners are each the owners of a one-fifteenth interest in the property. They pray for a construction of the will so declaring, and that upon the sale of the property they each be awarded a one-fifteenth share of the proceeds.

Plaintiffs demurred to the petition as failing to state facts sufficient to constitute a cause of action. The trial court sustained the demurrer. The interveners elected to stand on their petition. The court dismissed the petition in intervention. Interveners appeal. We affirm.

Interveners argue here that there is no irreconcilable conflict in the provisions of the will. We agree. We find no conflict of any kind.

Interveners argue that there is a repugnancy between the demise "to my nieces and nephews" and the clause

naming "the nieces and nephews mentioned"; that the testatrix in the devising clause intended all 15 of her nieces and nephews with certainty and then named 10 only and thereby created uncertainty and indefiniteness; and that hence the clause naming the beneficiaries should be rejected.

The fallacy of interveners' argument is in the assumption that the devising clause included all nieces and nephews. Obviously it did nothing of the kind. Clearly the testatrix intended to and did devise her property to the 10-named beneficiaries who were her nieces and nephews.

"No rule of law is better settled or more in accord with good sense than that which requires the intention of the testator to be ascertained from a liberal interpretation and comprehensive view of all the provisions of the will. No particular words, no conventional forms of expression, are necessary to make an effective testamentary disposition of his property. The court, without much regard to the canons of construction, will place itself in the position of the testator, ascertain his will, and, if lawful, enforce it." In re Estate of Combs, 117 Neb. 257, 220 N. W. 269. See, also, Dennis v. Omaha Nat. Bank, 153 Neb. 865, 46 N. W. 2d 606.

Where the language in a will is clear and unambiguous there is no room for construction. In re Estate of Nelson, 132 Neb. 376, 272 N. W. 219; Kenfield v. Dudek, 135 Neb. 574, 283 N. W. 209. Such is the general rule. 57 Am. Jur., Wills, § 1124, p. 719; 2 Schouler on Wills (6th ed.), § 849, p. 959; Thompson on Wills (3d ed.), § 210, p. 322; 2 Page on Wills (Lifetime ed.), § 916, p. 796.

The will here does not require the application of rules of construction.

There is no contention here that the intent of the testatrix as clearly expressed in her will is contrary to law. The trial court did not err in its ruling. Its judgment is affirmed.

AFFIRMED.