HELEN C. MARBLE ET AL., APPELLANTS, v. CITY OF TECUM-
SEH, APPELLEE.

FILED JUNE 28, 1919.   No. 20579.

1. **Wills:** DEVISE FOR PUBLIC PARK: ESTATE CREATED.   A will con-
tained this provision: "Third. I give and bequeath to the city
of Tecumseh in Johnson County, Nebraska, lots eight (8) nine
(9) ten (10) and eleven (11) in block one (1) in Graff & Ells-
worth's Addition to said city, the same to be known as Brandon
Park, and always to be used as a public park; and I also give
and bequeath to said city the sum of five hundred ($500.00)
dollars to be used to improve the same under the direction of the
city council of said city of Tecumseh and request that donations of
work, etc., be made by the citizens to assist in improving same."
*Held,* that the devise created an estate upon a condition subsequent,
namely, that the lots and money be used for the purpose expressed
in the will.

2. ———: ———: BREACH: RECOVERY BY HEIRS.  In such case, upon
failure by the city to comply with the condition attached to the
gift within a reasonable time, the heirs of the testatrix can main-
tain an action to recover the property.

APPEAL from the district court for Johnson county:
JOHN B. RAPER, JUDGE. *Reversed.*

*S. P. Davidson,* for appellants.

*L. C. Chapman, contra.*

DEAN, J.

This action was brought to recover four town lots and
$500 devised to the city of Tecumseh by Sarah B. Bran-
don.   Defendant's demurrer to the petition was sus-
tained, and plaintiffs appealed.

The plaintiffs are two sisters and a brother of the
testatrix. The petition alleges that they are her sole
heirs; that her will was probated in November, 1906, and
contained, among others, this provision: "Third. I give
and bequeath to the city of Tecumseh in Johnson County,
Nebraska, lots eight (8) nine (9) ten (10) and eleven (11)

103 Neb.—40

in block one (1) in Graff & Ellsworth's addition to said city, the same to be known as Brandon Park, and always to be used as a public park; and I also give and bequeath to said city the sum of five hundred ($500.00) dollars to be used to improve the same under the direction of the city council of said city of Tecumseh and request that donations of work, etc, be made by the citizens to assist in improving same.''

Plaintiffs also alleged that the city had taken possession of the lots and the money under the will on April 5, 1909, but that ''said city has ever since said date failed, neglected and refused to use said lots as a public park, and has failed, neglected and refused to improve the same for use as a public park, and has failed, neglected and refused to use said $500, or any part of said sum of money, in improving said lots as and for a public park, as directed and required by the terms and conditions of said provisions of said will; but plaintiffs aver that said defendant has used said $500 for other purposes, and has expended the same for other purposes than in the improvement of said lots for a public park. Plaintiffs further allege that said city council, in plain violation of the terms and conditions of said provisions of said will, by an order duly entered and passed by said city council on or about the—day of March, 1917, called upon the legal voters of said city to cast their votes for or against the proposition to sell said lots and devote the proceeds of such sale for the purchase of other property for use as a public park; and on the 2d day of April, 1917, at the annual election held in said city, the electors of said city did vote upon the said proposition, in pursuance of said order of said city council, and at said election said electors by a large majority voted in favor of so selling said lots and devoting the proceeds of such sale to the purchase of other property; and the use by said city of said $500 for other purposes than in the improvement of said lots for a public park has been ratified by the people of said city. Plaintiffs further allege

that, by reason of the facts, and the acts of said defendant city, above set forth, the title, ownership and right to the possession of said lots and the said $500 has reverted to these plaintiffs as the sole heirs at law of said Sarah B. Brandon, and these plaintiffs have become and are the absolute owners of said lots and the said $500, together with interest upon said $500 from April 5, 1909.''

Section 6195, Rev. St. 1913, reads: ''In the construction of every instrument creating or conveying, or authorizing or requiring the creation or conveyance of any real estate, or interest therein, it shall be the duty of the courts of justice to carry into effect the true interest (intent) of the parties so far as such intent can be collected from•the whole instrument, and so far as such intent is consistent with the rules of law.''

The rule that guides this court in the construction of a will is plainly outlined in the section of the statute just quoted. It is elementary that it is the duty of the court in ascertaining the intent of a testator to place itself in his position and to carry out his expressed desire without regard to the use of conventional forms or of technical words. *Albin v. Parmele,* 70 Neb. 740.

Respecting the gift the will reads: ''The same to be known as Brandon Park, and always to be used as a public park.'' From this language it is plain that the intent of the testatrix was that the identical lots described in her will, and not some other property that might be purchased from the proceeds of a sale thereof, should ''be known as Brandon Park.'' The identical property so described, not some other tract, was ''always to be used as a public park.'' It was her express intent that the $500 gift was ''to be used to improve the same,'' namely, the identical lots described in the will. Her ''request that donations of work, etc., be made by the citizens to assist in improving the same,'' plainly relates to the lots in suit. To hold that the city was not bound within a reasonable time to use the lots and the money for the purpose expressed in her will would defeat the

object that prompted her to make the gift. If she had intended to have her lots sold and a park established elsewhere with the proceeds of the sale, she would have so expressed her intention. We must take the will as made, and not make a will for her. *Watson v. Riley,* 101 Neb. 511.

There are some jurisdictions that seem to hold that, when a will purports to pass the fee, an expression of a purpose respecting the particular use to which the property is to be appropriated will not of itself make the estate conditional. In view of the facts surrounding the present case and of the statute and the established rule of construction of this court, we hold that the devise in question clearly shows the intention of the testatrix that an estate be given to the municipality upon a condition subsequent, namely, that the lots and money be used for the purpose expressed in the will. Upon failure by the city to comply with the condition attached to the gift within a reasonable time, the heirs could properly maintain an action to recover the property. What is a reasonable time would, of course, depend upon the facts surrounding the immediate case.

The city contends that, the will having been probated in 1906, the action as shown by the petition is barred by the statute of limitations. We do not think so. Where a time for the performance of a condition subsequent is not fixed, the performance must be within a reasonable time. 40 Cyc. 1723. The statute does not run against the heirs until the expiration of such reasonable time. The city having come into possession of the property in 1909, and less than ten years having elapsed before suit was begun by the heirs, the statute has not barred the action.

The judgment is reversed and the cause remanded for further proceedings in accordance with law.

REVERSED.

LETTON, J., not sitting.