HELEN C. MARBLE ET AL., APPELLANTS, V. CITY OF TECUMSEH, APPELLEE.

FILED FEBRUARY 2, 1921. No. 21643.

Wills: LAPSED LEGACIES AND DEVISES. When a will contains an effective residuary provision, a lapsed legacy or devise will go to the residuary legatee or devisee, and not to the heirs or next of kin of the testator.

APPEAL from the district court for Johnson county: JOHN B. RAPER, JUDGE. *Affirmed.*

*S. P. Davidson,* for appellants.

*L. C. Chapman, contra.*

MORRISSEY, C. J.

This is the second appeal in an action brought by the heirs of Sarah B. Brandon to recover title to four town lots and $500 in money bequeathed by the will of Mrs. Brandon to defendant. Our first opinion is reported in 103 Neb. 625. It was there held that plaintiffs' petition stated a cause of action, and the case was sent back for a new trial. On the second trial the court held that defendant,

by failure to use the property for the purposes for which it had been dedicated, had forfeited all right and title thereto, but further found and decreed that by virtue of the following provision of the will, which defendant set up in an amended answer, to wit:

"24th. I give and bequeath to The Tinley Rescue Christian Home of Omaha, Nebraska, all the residue of my estate, after the debts, legacies, and expense of administering have been paid. I also give and bequeath the land, or the proceeds thereof, to said Tinley Rescue Christian Home of Omaha, Nebraska, that I have heretofore set apart for the support of my said sister, Helen Marble, after her death. The intention of this 24th item is to give all my estate after the death of my said sister, Helen Marble, to said Home"— plaintiffs have no claim, right or title to the property, and plaintiffs' petition was dismissed.

In presenting their appeal appellants say:

"The sole question now presented to this court is: Does a lapsed devise pass to the heirs at law of the testatrix, or to the residuary devisee, in cases where there is a general residuary clause in the will in controversy?"

At common law the rule is that a lapsed or void devise will go to the heirs at law of the testator, notwithstanding the fact that the will contains a residuary clause, unless the will indicates an intention on the part of the testator to have the residuary devise carry such property. But in modern times the common-law rule has been generally departed from or abrogated by statute, and the general rule now is that lapsed, void, or otherwise ineffective devises will pass to a general residuary devisee, unless the will shows the intention of the testator to have been otherwise. 40 Cyc. 1949.

The foregoing rule of law being so well settled, the attorney for appellants having so tersely stated the issue, and the rule in this state being established that the court will examine the whole will and, where possible, give effect to the intent of the testator, the only task before us is to make an examination of this will and determine

the meaning of its residuary clause.   It will be noted that the residuary clause in its opening sentence speaks of "all the residue," and the concluding sentence is couched in language which no doubt testatrix thought so clear and sweeping that no question as to her intention could ever arise.   To one not versed in the technical refinements of the law, what can be more plain and definite than this concluding sentence: "The intention of this 24th item is to give all my estate after the death of my said sister, Helen Marble, to said Home." We conclude that the testatrix, who had already made such bequests to her heirs at law as she thought proper, and had made liberal provision for the support and maintenance of one of the sisters, who is here as one of the plaintiffs, desired that after the provisions of the will were executed by the payment of the amounts specified, and when her sister, Helen, had departed this life and was no longer in need of her bounty, whatever then remained of the estate should be given to the charitable association named as the residuary legatee.

We are constrained to hold that under the terms of the will the property involved did not pass to the heirs at law, and the judgment of the district court is

AFFIRMED.