CLARA PAVEL, APPELLANT, V. JOSEPH J. HOTOVY ET AL., APPELLEES.

FILED JULY 1, 1936. No. 29614.

[redacted]

*McKillip & Barth,* for appellant.

*Coufal & Shaw* and *E. A. Faytinger, contra.*

Heard before GOSS, C. J., ROSE and DAY, JJ., and ELDRED and TEWELL, District Judges.

ROSE, J.

This is a suit in equity by a beneficiary of a trust to remove the trustees from office. May 8, 1931, Matt Hotovy deeded to two of his sons, Joseph J. Hotovy and Ludvik F. Hotovy, in trust for grantor's daughter, Clara Pavel, and her children, 160 acres of improved farm land in Seward county. The deed directs the trustees to hold the real estate described therein during the life of Clara Pavel; to collect the rentals therefrom; to pay the taxes and other necessary expenses in connection with the operation of the farm, including repairs; to pay the net income to her annually during her life; to convey the real estate to her children upon her death. The trustees are empowered to execute such leases and other instruments as are necessary to the proper execution of the trust. No beneficiary is permitted to encumber or dispose of any interest or right created by the trust deed when by its terms the entire estate is to remain exempt from the claim of any creditor.

Clara Pavel, the principal beneficiary, is plaintiff. The trustees named, Joseph J. Hotovy and Ludvik F. Hotovy, are defendants. A tenant, Leonard Rerucha, is also a defendant.

The execution of the deed and the creation and terms of the trusts are pleaded in the petition, which states that plaintiff is the mother of five children between the ages of 2 and 11 years and alleges:

"That said trustees are the brothers of the plaintiff and there exists between them and the plaintiff extreme antagonistic, inharmonious and unfriendly relations.

"That the plaintiff and her husband are farmers; that

they have no lands to cultivate. They desire to move upon said premises and said defendants refuse to permit them to occupy the same and till said lands which were conveyed expressly to the plaintiff for her use and benefit.

"That there are two dwelling-houses on said premises. The plaintiff desires to occupy one as a home for herself and family, but she has been denied and refused the privilege so to do."

Other complaints are that the trustees refused to make a satisfactory accounting; failed to collect rentals due; permitted waste of crops and improper use of the buildings; allowed tenants to cut trees and remove large quantities of wood.

Defendants admitted that the trust deed was executed; that the trustees named therein accepted the trust and that they proceeded to administer it. Otherwise the answer to the petition is a general denial. By supplemental answer, after the trial began and before a decision was rendered, defendants alleged that the tenant Rerucha vacated the premises February 26, 1935; that the trustees leased the farm to Joseph Brabec for the term beginning March 1, 1935; that, after Rerucha left, plaintiff wrongfully moved her family onto the premises without the consent of the trustees in violation of their rights and the rights of the new lessee.

Upon a trial of the cause there was a decree in favor of defendants. The suit of plaintiff was dismissed. She was ordered to vacate the premises and she and her agents were enjoined from further interfering with the trustees in the discharge of their duties as such. Plaintiff appealed.

Plaintiff argues that personal hostility between her and the trustees combines with other circumstances to prevent the proper administration of the trust for the best interests of the trust estate and that therefore the trustees should be removed by the court and others appointed. In this connection the general doctrine invoked by plaintiff has been stated as follows:

"A court of equity has power and authority to remove

a trustee from his office, when any substantial personal disability exists in the trustee, when he fails to perform the duties of his position, when he has misconducted himself in office, when hostile relations exist between the trustee and his beneficiaries of such a nature as to interfere with the proper execution of the trust, or under any other conditions which render his removal necessary for the best interests of the trust estate, particularly where it appears that the trustee's personal interests conflict with, or are antagonistic to, his duties as trustee under the terms of his trust." *Burnham v. Bennison,* 121 Neb. 291, 236 N. W. 745.

From the standpoint of business qualifications and integrity, the evidence furnishes no reason for the removal of the trustees. They have personally no pecuniary interest in the trust estate. Their duties as fiduciaries do not conflict with any property interest of their own. On the issues of hostile relations between plaintiff and her two brothers, who are trustees, the testimony is voluminous. While the evidence has all been critically examined, the statements of fact found and the conclusions reached must necessarily be brief. The purposes of the trust are obvious. The father of plaintiff was the grantor in the deed. He intended to give his daughter for life the net income from an improved farm of 160 acres and to provide for its protection from the claims of creditors. Upon her death the farm, kept in repair and free from encumbrance, is to be conveyed to her children. The deed, the trust and the services of the trustees are the means provided for effectuating grantor's purposes.

Plaintiff and Joe Pavel were married in 1921. The wife then received from her father some property for housekeeping and farming and $2,000 in cash, and her husband received from his father an improved 160-acre farm mortgaged for $10,000. The lien was reduced to $8,000 by the gift to plaintiff from her father. This farm became the home of plaintiff and her husband, Joe Pavel. He was not a successful farmer. He did not pay the mortgage. In addition thereto he owed his father $3,000. He issued no-

fund checks. He assaulted an unmarried sister of his wife, a daughter of grantor and a sister of the trustees. For these offenses he was punished in the county court of Seward county. He lost his farm. His father took it back and later dispossessed plaintiff and her husband. They were left without a home. The improvidence of Joe Pavel and his offenses created personal hostility toward him in the minds of the father of his wife and her brothers, grantor and trustees, but this feeling did not extend to plaintiff herself. The selection of trustees who would properly administer the trust and protect the trust estate and the interests of plaintiff and her children, under the circumstances, would naturally be the aim of grantor who was familiar with existing conditions. The attribute of courage would quite likely be considered a qualification of trustees.

The pecuniary situation of plaintiff without a home of her own was a source of anxiety and worry to her. Her testimony shows her hostile attitude toward the trustees, but this does not necessarily determine the issue. The proper inference from the evidence as a whole is that she generally caused the irritation manifested by the trustees. At different times she importuned them to lease the trust estate to her and to permit her and her family to occupy and operate the farm. Their refusals to comply with her wishes were sometimes harsh. She was told that she could not farm and that her husband would not. They did not want him on the place. Interviews on this subject usually resulted in quarrels and ended in disappointment and crying on her part. Under the trust deed the selection of a tenant was a duty requiring the discretion and judgment of the trustees. Her attempted interference with this duty and her unavailing efforts to procure a lease and the right to occupy the premises aroused her own antagonism and prompted much of the trustees' conduct of which she complains. Equity does not permit a beneficiary who harbored and vented unwarranted hostility toward her trustees, and thus provoked temporary outbursts of ill nature

on their part, to make acrimony an equitable ground for removing them as a matter of right. While the evidence indicated that the trustees should have been more kind to and considerate of their sister than they were, under the distressing circumstances in which she found herself, there is no sufficient evidence of hostility, in connection with other circumstances, to remove them from their fiduciary offices.

Complaint is made on the ground that the trustees did not account to plaintiff or pay her annually the net income from the farm. Accurate accounts were in fact kept. There was delay in reporting them to plaintiff, but they were later made available to her. It is the duty of the trustees in control of trust property to report their fiduciary transactions and their accounts to the beneficiary. *Baird v. Lane*, 115 Neb. 413, 213 N. W. 512; *Howell v. Poff*, 122 Neb. 793, 241 N. W. 548. A harmless delay in this respect, however, is not a ground for the removal of the trustees. Plaintiff did not receive any income for the years 1932 and 1933, but, under the trust deed, she was only entitled to net income. Taxes, insurance premiums and other necessary expenses were to be first paid. The rentals were consumed or retained for legitimate expenses. The barn was reroofed. The house was painted and other necessary improvements were made. This was in harmony with the purpose of grantor to protect the life estate of plaintiff and preserve the estate in remainder for her children. There is nothing in the evidence to indicate that the trustees profited personally by any improvement made by them or by failure to report accounts or pay annual net income. On this feature of the case there is no sufficient ground for the relief sought by plaintiff.

Other charges against the trustees are not supported by sufficient evidence to justify their removal from office.

AFFIRMED.