IN RE ESTATE OF MADS PETER NELSON.
ALFRED E. NELSON, EXECUTOR, ET AL., APPELLANTS, V. ANENA FREY ET AL., APPELLEES.
272 N. W. 219

FILED MARCH 19, 1937. No. 29922.

*Leamy & Leamy*, for appellants.

*Spillman & Ptak, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

GOOD, J.

This is an action for the construction of a will for the information and guidance of the executor. It originated in the county court, and the executor, being dissatisfied with the ruling of the county court, appealed to the district court, and also, being dissatisfied with the order and judgment of the district court, has appealed to this court.

The record discloses that one Mads Peter Nelson departed this life testate in 1933. His will was duly admitted to probate. The testator left surviving him a widow and six children. In the second paragraph of the will he expressed a desire to treat all of his children equally and recited that he had advanced to three of the children the sum of $10,000 each, and to a fourth child, Anena Frey, the sum of $5,575,

and to two other children, namely, Ole C. Nelson and Marie Nelson, he had advanced nothing. He thereupon bequeathed to Anena Frey the sum of $4,425, and to the son Ole C. and the daughter Marie, each, the sum of $10,000, and provided: "And in the event there should not be enough personal property at the time of my death to pay said legacies I authorize and direct my executor hereinafter named to sell so much of my real estate as may be necessary for the payment of said legacies." By the third paragraph of the will he gave, devised and bequeathed all the rest and residue of his property to his son, Alfred E. Nelson, the executor named, to hold in trust and to use the income therefrom and provide thereafter for the support and maintenance of his wife, Ida Nelson, for and during her natural life.

From the evidence it appears that testator died possessed of three farms in Holt county and a residence property in Pierce county, Nebraska, and considerable personal property, including a mortgage on land in Pierce county. It appears that the executor was authorized to compromise the mortgage on realty in Pierce county by surrendering the note and mortgage and taking the mortgaged premises in full discharge thereof. This land consisted of about 128 acres. It also appears that all of the children and the widow undertook, in part at least, to make a partition of the real estate, and one of the farms was conveyed to the son, Ole Nelson, and the land in Pierce county was conveyed to Marie Nelson, in satisfaction of their legacies of $10,000 each; that they accepted the deeds executed by all the other heirs and the widow, have been in possession of their respective tracts of land, and have received the rents and profits thereof. There still remain in the possession of the executor two quarter sections of land in Holt county and the residence property situated in Pierce, Nebraska, which is occupied by the widow.

It also appears that there is one debt against the estate which is unsatisfied, in the sum of approximately $900. The executor appears to think and believe that it is his duty to retain a sufficient amount of the land and property

to bring an income sufficient to support the widow, and to hold the property during her lifetime, and that there is not enough property on hand at this time to pay the remaining debt against the estate and the legacy to Anena Frey and leave a sufficient amount of property on hand that the income therefrom will be sufficient to support the widow of testator.

By the fourth paragraph of the will Nelson devised and bequeathed all of his property that should remain after payment of debts and specific legacies to his son Ole and his daughters Marie and Anena to his executor in trust, the income therefrom to be used for the support of his widow. The only property devised in trust to the executor, the income from which he was to use for the support of the widow, is that which remains after all debts of the estate and specific legacies to his children, Ole, Anena and Marie, have been paid. At the time of commencement of this proceeding, the legacies to Ole and Marie had been discharged by conveying to them certain tracts of realty. There remain unpaid one debt against the estate and the legacy to Anena. Clearly, it is the duty of the executor to sell the remaining property, or so much thereof as may be necessary, to pay the remaining debt, costs of administration and the legacy to Anena Frey, and the remainder, be it little or much, is that which the executor is to hold in trust and use the income therefrom for the support of testator's widow.

The will is plain and unambiguous. Where the language in a will is clear and unambiguous, there is no room for construction, and it becomes the duty of the executor to carry into effect the plain provisions of such a will. The trial court so held, as did the county court, and directed the executor to proceed as herein indicated.

The judgment of the district court is right and is

AFFIRMED.