ETHEL REED ET AL., APPELLEES, v. M. M. RINGSBY ET AL., APPELLEES, IMPLEADED WITH FORREST HARNLY, APPELLANT.

54 N. W. 2d 318

Filed June 27, 1952.   No. 33190.

*Ginsburg & Ginsburg,* and *Walter M. Herbert,* for appellant.

*Clarence G. Miles,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

Simmons, C. J.

In this action the trial court had, by decree which became final, declared that a trust existed in a "substantial part" of an estate. A declaration of trust was filed to which objections were made. The trial court held that the amount declared to be held in trust was in compliance with the decree; refused to remove the trustees; and made an allowance of attorney fees. Defendant Forrest Harnly appeals. We affirm the judgment of the trial court.

This case originated as an action to quiet title to real estate. It is now in essence a contest between the residuary beneficiaries of a will who are also the trustees and the beneficiary of what has been determined to be a trust provided in the will. The issues here were developed as follows: Blanche E. Ringsby died testate, the owner of Lincoln real estate. By her will she devised "all of my property, both real and personal, unto my two sisters Zelma Sweet and Ethel Reed and express the desire that my two said sisters shall use a substantial part of the proceeds therefrom for the benefit of Forrest Harnly and Florence Keens who live in my residence at this time and in whom I have a special interest." Ethel Reed was named as executrix in the will and was given a power of sale for the purposes of paying charges against the estate.

It became necessary that the real estate be sold and to quiet title to effect the sale. Action was brought for that purpose. The two sisters will be hereinafter referred to as the plaintiffs. Forrest Harnly was named as one of the defendants. He will hereinafter be referred to as the defendant.

Defendant by answer and cross-petition contended that under the will all of the property of testatrix should be held in trust for his use and benefit and the benefit of Florence Keens; that the trustees had denied the trust, refused to perform it, and should be removed; and that

a successor trustee should be appointed. He prayed accordingly.

To this the plaintiffs answered praying for an affirmative declaration that defendant had no right or interest in or to any of the assets of the estate.

The action was tried. The evidence is not here.

It appears that Florence Keens filed a claim against the estate for $600. During the progress of the trial it was stipulated that her claim be paid and she filed a disclaimer of any right, title, or interest in the real estate and consented to judgment against her. She is not presenting any issue here.

The court on May 25, 1951, so far as important here, decreed that the entire estate (subject to the payment of charges and costs of administration and incumbrances against the real estate) belonged to the plaintiffs subject to "the following trust in favor of the defendant Forrest Harnly: that the said Ethel Reed and Zelma H. Sweet as trustees shall hold the property coming into their hands as trustees to the extent of a substantial part thereof; that said trustees shall have the discretion to determine what shall constitute a substantial part of said property and shall have discretion to determine how and when such substantial part of said property should be used for the benefit of the defendant Forrest Harnly." The court retained jurisdiction for the purpose of determining whether the trustees had discharged their duties. It was further decreed that Florence Keens had no interest in the proceeds of the sale except that her claim should be allowed. Both parties agree that this has become a final decree.

On September 13, 1951, the plaintiffs filed a declaration of trust. In it they referred to the decree; recited that the assets of the estate had been completely liquidated, all charges paid, and that the net of the estate amounted to $4,144.02; and declared that upon the assumption that the sum of $4,144.02 would not be reduced by the allowance of an attorney's fees to the de-

fendant, they were setting aside and placing in a separate fund the sum of $1,000 to be held in trust "for the benefit" of the defendant, they to later determine as to how and when the fund was to be so used depending on the "needs" of the defendant and what would "contribute to his welfare and well being."

To this declaration the defendant filed objections upon a considerable number of grounds. Defendant requested that the trustees be examined in open court to determine whether the declaration represented a reasoned determination made by the trustees. Hearing was had on the declaration and the objection.

On January 19, 1952, the court entered its decree. The court found that the declaration was in compliance with the will and the court's decree entered on May 25, 1951; that it represented the exercise of a reasonable discretion of the trustees; that the $1,000 set aside was a substantial part of the net estate; that the trustees had not done or failed to do anything which justified their removal as trustees; and that they had fully complied with the will and decree to date and in the future have the discretion, subject to the supervision and control of the court, to determine what sums shall be used from the trust "for the benefit" of the defendant.

The court reserved for later determination the disposition of the trust fund upon the death of defendant or the trustees.

The court by decree overruled and dismissed the objections; decreed that the declaration was a fair and proper exercise of the discretion of the trustees; and decreed that the trustees had not been guilty of any breach or violation of trust. The court further ordered the payment of $150 from the trust fund to defendant's attorneys and charged all costs to the plaintiffs.

After motion for a new trial was made and overruled, defendant appeals from the decree of January 19, 1952.

The trial court was confronted, as are we, with this

fact situation. There is a final decree that a "substantial part" of this net estate is a trust fund; and that the trustees have a discretion to determine what shall constitute a substantial part of the property and have discretion to determine how and when such substantial part of said property should be used for the benefit of the defendant.

It appears that Forrest Harnly was from childhood subject to certain mental limitations, and that at the time here involved was working for a take-home pay of about $80 a month. He was also the beneficiary of a small trust fund other than that here involved.

It appears from the evidence of one of the trustees that they arrived at the sum of $1,000 by the following method. They reasoned that a "substantial part of the proceeds" mentioned in the will was for the benefit of both defendant and Florence Keens, who had been paid $600. They added that to the $4,144.02, and arrived at a total of $4,744.02. They concluded that a division by thirds was proper, i. e., one-third to each of the plaintiffs and one-third to defendant and Florence Keens. Using $4,800 as a base, one-third of that being $1,600, they took from that the $600 paid Florence Keens, and set aside $1,000 for the trust for defendant.

The net of defendant's contention is that that formula results in too small an amount. Defendant offers no other formula save to suggest, as he does here, that·all of the net estate be ·held in trust for defendant. Obviously, such a result is contrary to the terms of the will as construed in the final decree. That contention was an issue in the trial that resulted in the final decree. It was determined adversely to the defendant. That conclusion is just as binding on the parties now as are the other provisions of the decree. We can no more re-examine that question than we can the question of whether or not a trust was created by the will.

Defendant argues here that the declaration is unreasonable and an abuse of discretion, and is not the result of

a reasoned determination of the trustees. We have set out the basis of the reasoning of the trustees.

Defendant contends further that the declaration is unreasonable and an abuse of discretion because it did not consider and weigh properly the needs of defendant present and prospective. The record shows they did but came to a different conclusion than does the defendant.

It is further urged that the declaration is unreasonable in that it is the result of improper motives and influences. Here it is urged that the plaintiffs did not consider that defendant needed an attorney and caused expense to the estate by having employed attorneys; that they have a feeling of unfriendliness to the trustee of the other small fund; that they felt that trust should be used first; and that they had a desire to protect this trust for themselves as the ultimate beneficiaries of it. These contentions ignore in part the fact of the retained control of the fund by the court.

There is in this record affirmative evidence of a kindly friendship of the plaintiffs to the defendant and no substantial showing otherwise.

All of this argument leads to the fact that a different ultimate amount could have been determined. It does not show that the plaintiffs came to a conclusion that is without the bounds of the discretion vested in them by the will as construed by the final decree. 2 Scott on Trusts, § 187, pp. 987, 988, says that in the matter of control of discretionary powers of a trustee, "The real question is whether it appears that the trustee is acting in that state of mind in which it was contemplated by the settlor that he should act. * * * where discretion is conferred upon the trustee with respect to the exercise of a power, the court will not interfere with him in his exercise or failure to exercise the power so long as he is not guilty of an abuse of discretion. The mere fact that if the discretion had been conferred upon the court, the court would have exercised the power differently is not a sufficient reason for interfering with

the exercise of the power by the trustee." See, also, In re Estate of Vohland, 135 Neb. 77, 280 N. W. 241.

The rule is stated in Restatement of the Law, Trusts, § 187, p. 479, as follows: "Where discretion is conferred upon the trustee with respect to the exercise of a power, its exercise is not subject to control by the court, except to prevent an abuse by the trustee of his discretion." See, also, Clark v. Fleischmann, 81 Neb. 445, 116 N. W. 290.

We find no reason that would justify a court interfering with the determination of the trustees made in their exercise of their discretion.

Defendant next contends that the district court erred in failing to remove the trustees. This was not an issue in the written objections to the declaration of trust although it seems to have been determined in the decree. This was an issue in the litigation that resulted in the final decree. Since that time the plaintiffs have taken no action to administer the fund save to make the declaration of trust and set aside the fund. It is contended they should be removed because of the claimed hostility to the attorneys of defendant, their feeling with reference to this litigation and toward the trustee of the other fund, and particularly their claim to the undistributed portion of the trust and their self interest conflicting with that of the defendant. Whether these considerations were presented to the trial court in the hearing that resulted in the final decree is not disclosed by this record. These plaintiffs testified as to a full willingness to carry out this trust as directed by the court. They have done and failed to do nothing contrary thereto. In Burnham v. Bennison, 121 Neb. 291, 236 N. W. 745, we stated the general doctrine that: "A court of equity has power and authority to remove a trustee from his office, when any substantial personal disability exists in the trustee, when he fails to perform the duties of his position, when he has misconducted himself in office, when hostile relations exist between the trustee and his

beneficiaries of such a nature as to interfere with the proper execution of the trust, or under any other conditions which render his removal necessary for the best interests of the trust estate, particularly where it appears that the trustee's personal interests conflict with, or are antagonistic to, his duties as trustee under the terms of his trust." In Pavel v. Hotovy, 131 Neb. 373, 268 N. W. 297, we held: "A court of equity has power to remove a trustee for hostility between himself and the beneficiaries, which, in combination with other circumstances, interferes with the proper administration of the trust."

The facts here do not call for that action.

In Restatement of the Law, Trusts, § 107, p. 280, it is said: "The court will less readily remove a trustee named by the settlor than a trustee appointed by the court or by a third person who is by the terms of the trust authorized to appoint a trustee. * * * Thus, the mere fact that the trustee named by the settlor is one of the beneficiaries of the trust is not a sufficient ground for his removal or for refusing to confirm his appointment as trustee, even though a large degree of discretion is by the terms of the trust conferred upon the trustee. * * * Illustration: 1. A bequeaths all his property to B, his son, in trust to pay the income and so much of the principal as in his discretion shall be necessary for the support and comfort of C, A's widow, and on C's death to hold the property or what remains thereof free of trust. The court will not remove B as trustee or refuse to confirm his appointment as trustee because of his conflicting interest. Such conflicting interest is, however, a factor to be considered by the court in determining later whether in administering the trust B is guilty of an abuse of discretion in failing to pay to C sufficient for her support and comfort." See, also, 1 Scott on Trusts, § 107.01, p. 561.

The trial court did not err in refusing to remove the trustees.

Defendant next contends that the declaration is improper because it is recited that the application of the sum is to be dependent on the "needs" of defendant whereas the will and the decree provided that the trust should be for the "benefit" of the defendant. It is contended that the trustees construe needs as more restrictive than benefits. The word benefit is used elsewhere in the declaration. We have quoted the use of these words in the instruments here. In the objections the defendant himself uses the word "needs." The matter is one within the control of the court in determining questions that may arise in the administration of the trust. The assignment has no merit.

Finally the defendant urges that the court erred in failing to award proper attorney's fees. We find in the record two affidavits as to the amount of work done and time consumed by the attorneys. We find no evidence as to the value of the services. Apparently the matter was left to the discretion of the trial court. The court exercised it. We see no reason for finding that the determination was unreasonable.

The judgment of the trial court is affirmed.

AFFIRMED.