IN RE ESTATE OF JOSEPH R. SWANSON, DECEASED.
BERNARD WALLMAN, EXECUTOR OF THE ESTATE OF JOSEPH R. SWANSON, DECEASED, APPELLEE, V. JOSEPH R. SWANSON, JR., ET AL., APPELLANTS.
140 N. W. 2d 665

Filed March 4, 1966. No. 36226.

Ivan A. Blevens, for appellants.

Norval Brothers and Ginsburg, Rosenberg, Ginsburg & Krivosha, for appellee.

Heard before CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ., and KOKJER, District Judge.

SPENCER, J.

This is a motion to dismiss an appeal from an order of the district court admitting the last will and testament of Joseph R. Swanson, deceased, to probate. The will was admitted to probate in county court. A motion for summary judgment was sustained in the district court on appeal, the will was admitted to probate, and an appeal was perfected to this court.

The record discloses that Joseph R. Swanson died a resident of Lancaster County, Nebraska. An instrument, testamentary in character, by the action referred to above has been admitted to probate. The will, so far as material herein, is as follows: "I, the undersigned, Joseph R. Swanson, also known as Joe R. Swanson, of Milford, Nebraska, of the age of 66 years past, hereby make, publish and declare this to be my LAST WILL AND TESTAMENT, as follows:

"FIRST: I direct that all my lawful debts, including funeral expense, be first fully paid.

"SECOND: I give, will and bequeath all of the rest, residue and remainder of my estate to my sister, Julia Swanson, now residing at Lincoln, Nebraska, the same to be hers absolutely.

"THIRD: I have not forgotten my sons, David, Joe Jr., and Paul, but it is my wish that they take nothing from my estate.

"FOURTH: I hereby appoint Bernard Wallman, Executor of this my LAST WILL AND TESTAMENT, and I hereby revoke any and all former wills made by me.

"IN WITNESS WHEREOF, I have hereunto subscribed my name to this my LAST WILL AND TESTAMENT, at Seward, Nebraska, this 22nd day of March, 1962.

Joseph R. Swanson."

(Attestation Clause.)

The Julia Swanson named in paragraph Second was a sister of Joseph R. Swanson, was living at the time of the execution of the will but predeceased him, and was unmarried with no issue surviving. It is apparent on the face of the will that the testator did not contemplate the possibility of a lapse and made no provision for such contingency. Because no issue survived Julia Swanson, our antilapse statute, section 30-228.03, R. R. S. 1943, did not become effective.

If a will contains an effective residuary provision, a lapsed legacy or devise will go to the residuary legatee or devisee. Marble v. City of Tecumseh, 105 Neb. 594, 181 N. W. 528. Here, however, paragraph Second is actually the residuary clause, so that it is the residuary clause which lapses.

Where there is no effective residuary clause, or where the residuary clause lapses, then the legacy or devise which lapses will descend as intestate property. Marble v. City of Tecumseh, *supra*.

It is the contention of appellants that by reason of the death of Julia Swanson, the purported last will of Joseph R. Swanson, deceased, does not constitute a testa-

mentary disposition of property. It is their contention that no property descends under the terms and provisions of said will, and that it therefore is not entitled to probate.

The will does contain a direction that all lawful debts be paid, and it is apparent that appellants ignore the fact that it specifically revokes previous wills. While the will does not provide for the descent of property, it is effective to revoke all previous wills. Section 30-209, R. R. S. 1943, specifically provides that a will may be revoked by some other will or codicil in writing, executed as prescribed by law. As we interpret section 30-209, R. R. S. 1943, a will may be executed for no other purpose than to revoke previously executed testamentary documents. To be effective for that purpose, it must be admitted to probate. We also observe that a testator has a right to designate a personal representative to administer his estate even though he may wish his property to pass according to our statute of descent.

Appellants in no way contest the capacity of the deceased to make a will. There is no question presented as to undue influence or duress. Nor is there any question presented as to the proper execution of the will. The sole basis for appellants' objection is the death of Julia Swanson without issue. This does not constitute a valid objection to the admission of the will to probate. While all deceased's property may pass under our statute of descent and distribution as if deceased had died intestate, the will is effective for its remaining purposes.

Appellants are undoubtedly attempting to prevent the admission of the will to probate because of paragraph Third which expresses a wish that the sons, who from the pleadings are the sole surviving issue, take nothing from deceased's estate. This provision, however, can only apply to property actually passing through the will and has no effect as to intestate property. Kula v. Kula, 149 Neb. 347, 31 N. W. 2d 96, covers this exact situation. In that case, we said: "The fact that a will expresses the

intention of the testator to disinherit certain persons does not prevent such persons from sharing as heirs at law or next of kin in property as to which the testator died intestate." See, also, Katt v. Claussen, 174 Neb. 603, 118 N. W. 2d 1002.

There being no contest on the validity of the execution of the will, and the appellee having proved the jurisdictional facts necessary to entitle the will to probate, the will herein was properly admitted to probate. Appellee's motion to dismiss is well taken. Motion to dismiss sustained and appeal dismissed.

APPEAL DISMISSED.