IN RE TRUST ESTATES KNOWN AS THE FRANCES M. JOHNSON TRUST AND THE JOHNSON RESIDUAL TRUST. FRANCES M. JOHNSON ET AL., APPELLEES, V. JENNIFER H. JOHNSON, BY AND THROUGH HER CONSERVATOR, MARJORIE N. JOHNSON, APPELLANT.

320 N.W.2d 466

Filed June 4, 1982. Nos. 44187, 44188.

Jeffrey D. Toberer of Kennedy, Holland, DeLacy & Svoboda, for appellant.

George A. Penry of Fitzgerald, Brown, Leahy, Strom, Schorr & Barmettler, for appellee Frances M. Johnson.

Thomas R. Pansing, Jr., of Gaines, Otis, Haggart, Mullen & Carta, for appellee Omaha National Bank.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

CAPORALE, J.

Jennifer H. Johnson, a minor and the appellant herein, by and through her conservator, Marjorie N. Johnson, appeals from orders entered by the District Court of Nebraska, Fourth Judicial District, in and for Douglas County, Nebraska. That court affirmed the actions of the county court of Douglas County, which approved distributions made by the trustees of the Frances M. Johnson Marital Trust and the Johnson Residual Trust in allocating proceeds resulting from the liquidation of the Johnson Cashway Lumber Company of Omaha to income and principal of the trusts. These actions have been consolidated for briefing and oral argument before this court and will be treated as such herein.

In summary, this action presents two issues for resolution: (1) The nature and extent of the discretionary authority granted by the will of Lawrence W. Johnson, deceased, to the trustees to make allocations between income and principal of property from the L. W. Johnson estate; and (2) Whether the allocation proposed for the proceeds derived from the liquidation of Johnson Cashway Lumber Company constitutes an abuse of the trustees' discretion. Appellant contends that the allocation of a portion of the proceeds to the income beneficiary of the marital trust constitutes an invasion of the principal and would constitute an abuse of the trustees' discretion. We disagree with appellant, find no error, and affirm the orders of the District Court.

The settlor, Lawrence W. Johnson, died on September 27, 1974, and was survived by his wife Frances M. Johnson, appellee herein, and their two sons, James F. Johnson and Fred L. Johnson. The will of Lawrence W. Johnson was filed for probate before the county court on October 4, 1974. Under the terms of the will, two trusts were created to which the settlor devised all his property, with the exception of his house, furnishings, and certain items of tangible personal property. The Frances M. Johnson Marital Trust is a marital deduction trust established under article III of the will, and names Frances as the sole income beneficiary. The trustees are authorized to use the principal of the trust for her support and maintenance, and she was given a general testamentary power over those assets remaining in the trust upon her death. The will does not place any restriction on the amount of income to be paid to Frances, nor are there any other beneficial interests created in the trust during her lifetime. The Johnson Residual Trust, established pursuant to article IV of the will, authorizes the payment of the income from the trust to Frances M. Johnson. The trust also provides that to the extent that income is not paid to Frances, equal payments are to be made to James and Fred Johnson. In the event of the death of either son, the trustee is authorized to pay or hold the income for the benefit of the surviving issue of James or Fred. The will directs the trustee to keep an accurate record of the amount of income paid from this trust to any living child and the amount accumulated for the beneficiaries so that equality between the sons' two families may be maintained. The will appointed Frances, Fred, and The Omaha National Bank as trustees of the marital trust and The Omaha National Bank and Fred L. Johnson as trustees of the residual trust. The will also directs the executor of the estate to make minimal distributions during the

pendency of the estate proceedings of $3,000 per month to Frances and $1,000 per month to each of the sons. We note that on June 2, 1977, Fred L. Johnson died and was survived by his daughter Jennifer. No successor trustee was appointed, leaving The Omaha National Bank as sole trustee. The income derived from the residual trust is being held in trust for her. The record reveals that Frances has waived her right to receive the income of the residual trust in favor of James and Jennifer.

At the time of his death, the settlor owned 780.66 shares of the outstanding stock of Johnson Cashway Lumber Company. Each of the trusts created under the will received one-half of the stock (390.33 shares) which had an estimated book value of $1,214,706 as of the date of death. In addition, the company continued to operate and earned substantial income from business activities until a plan of liquidation was adopted in 1979. As of the time of trial, it was estimated each trust would receive approximately $1,418,000 for its stock in the company upon liquidation. Of this amount, $355,023 is attributable to each trust for accumulated income from business operations, $607,353 to each trust as its share of the book value of the company assets on date of death, and $455,624 as each trust's share of other income and appreciation in value of the assets of the company. Since no dividends had been paid by the company since the settlor's death nor other income made available to the income beneficiaries, the trustees of both trusts made a decision to allocate $134,000 of the accumulated business income to the income in each trust, while the remaining $221,023 of such business income, together with the other $1,062,977 of funds, would be allocated to principal. On August 7, 1979, the trustees filed a petition in the county court seeking approval of their proposed allocation of proceeds received in liquidation to the respective trusts. An objection to the petition was filed by Marjorie N.

Johnson, conservator of Jennifer Johnson, on the grounds that the proposed allocation of $134,000 to income would violate the terms of the will and constitute an abuse of the trustees' discretion.

The cardinal rule in construing wills is to ascertain and effectuate the intention of the testator if such intention is not contrary to the law. *Wood v. Lincoln General Hospital Assn.,* 205 Neb. 576, 288 N.W.2d 735 (1980); *Page, Higgins, Clyde & Avery v. Buchfinck,* 202 Neb. 411, 275 N.W.2d 826 (1979). See, also, *Scully v. Scully,* 162 Neb. 368, 76 N.W.2d 239 (1956).

In determining the extent to which the trustees are granted authority to make discretionary allocations between the income beneficiaries and remaindermen, we turn to article VI of the will. This provision states in pertinent part: "I give to my Executor and Trustees, the following powers, in addition to and not in limitation of its common law and statutory powers, in each case to be exercised from time to time in the discretion of the Executor or Trustees and without order of the court:

. . . .
"9. To credit or to charge to income or principal, or to apportion between them, *any receipts and any disbursements* . . . and generally to determine all questions as between income and principal and to credit or charge to income or principal, or to *apportion between them any receipt or gain or any charge, disbursement,* or loss." (Emphasis supplied.)

This clause clearly authorizes the trustees to apportion receipts and gains received by them between the income beneficiaries and remaindermen of the trusts. The exercise of this authority is left to the best discretion of the trustees to make reasonable allocations without limitation.

In the matter of control over the discretionary power granted the trustees under the will, the real

question is whether it appears that the trustees are acting in that state of mind contemplated by the settlor. In *Reed v. Ringsby,* 156 Neb. 33, 39, 54 N.W.2d 318, 321 (1952), this court stated: "The rule is stated in Restatement of the Law, Trusts, § 187, p. 479, as follows: 'Where discretion is conferred upon the trustee with respect to the exercise of a power, its exercise is not subject to control by the court, except to prevent an abuse by the trustee of his discretion.' See, also, Clark v. Fleischmann, 81 Neb. 445, 116 N.W. 290."

We must therefore determine whether the allocation made by the trustees in the present case was an abuse of the discretion granted them under the terms of the will. The leading case in this jurisdiction is *Folsom v. Strain,* 138 Neb. 497, 293 N.W. 357 (1940), in which we held that an income beneficiary of a testamentary trust, established from the residue of the estate, is entitled to income from the date of the settlor's death. This court stated in pertinent part: "The general rule is now firmly settled that the life beneficiary of a testamentary trust for the payment of income is entitled to the income accumulating on the trust assets from the date of the testator's death, unless it is otherwise provided in the will. 2 Perry, Trusts and Trustees (7th ed.) 939, sec. 551. This is true even though the trust assets are part of the residuary estate, not capable of being determined or turned over to the trustee until administration of the estate is completed. *Restatement, Trusts,* sec. 234, and Comment *f* on Clause (a). . . .

. . . .

". . . [T]o construe the will in a manner that will deprive the beneficiary of part of the income, and enrich the remainderman by assimilating it into the corpus of the trust, will normally be contrary to the general spirit of such a bequest." *Id.* at 499-500, 293 N.W. at 358-59.

In addition to the duty of trustees to pay income to the life beneficiary from the date of the settlor's death, they also have the affirmative obligation to make the trust property produce income for all beneficiaries. Trustees may not, however, sacrifice income for the purpose of increasing the value of the principal of the trust. In Restatement (Second) of Trusts § 232, Comment b (1956), it is stated: "Although the trustee is not under a duty to the beneficiary entitled to the income to endanger the safety of the principal in order to produce a large income, he is under a duty to him not to sacrifice income for the purpose of increasing the value of the principal. Thus, the trustee is under a duty to a life beneficiary not to purchase or retain unproductive property or property which yields an income substantially lower than that which is normally earned by trust investments, although it is probable that the property will appreciate in value."

In the present case, the evidence has established that from the date of death of Lawrence W. Johnson to the date of liquidation in 1979, no dividends or other disbursements of income were paid upon the Johnson Cashway stock. During this same period, it was established that the company had earned income from business operations of approximately $710,000. The law makes it clear that the income beneficiaries of the trust were entitled to income from the substantial holdings in the lumber company, and it would be a breach of the trustees' duty not to distribute a proper amount of income to the life beneficiaries on the investment. The record reveals the basis for the decision of the trustees in allocating $134,000 to income in each trust. This amount represents a rate of return of less than 4.5 percent of the book value of the stock owned by each trust at the time of the settlor's death. In any event, the allocations made by the trustees were matters within the discretion conferred upon them under the will,

and no abuse of that discretion appears in the record. This court will not substitute its discretion for that of the trustees. Furthermore, the language of the will is clear as to the discretionary power granted the trustees, and as such there is no ambiguity or room for construction. *In re Estate of Nelson,* 132 Neb. 376, 272 N.W. 219 (1937). See, also, *Overbeck v. Estate of Bock,* 198 Neb. 121, 251 N.W.2d 872 (1977); *Marble v. City of Tecumseh,* 103 Neb. 625, 173 N.W. 581 (1919).

The orders of the District Court affirming the actions of the county court were correct and we affirm.

AFFIRMED.