BERNARD ANDERJASKA, APPELLANT, V. JOSEPH C. ANDERJASKA ET AL., APPELLEES.

344 N.W.2d 478

Filed February 17, 1984. No. 83-464.

Kenneth D. Gaskins and Teresa A. Beaufait of

McGill, Koley, Parsonage & Lanphier, P.C., for appellant.

Fred J. Schroeder, Jr., for appellees.

Boslaugh, Hastings, White, and Shanahan, JJ., and Brodkey, J., Retired.

Boslaugh, J.

This case arises out of a controversy concerning the will of Joseph C. Anderjaska, who died July 1, 1977. The will was admitted to probate in formal probate proceedings in the county court for Hayes County, Nebraska, on August 19, 1977. A final order directing distribution of the estate was entered on October 18, 1978.

This action to quiet title was commenced in 1982 by Bernard Anderjaska, a son of the deceased, claiming an undivided one-seventh interest in the real estate owned by his deceased father. An amended petition included a prayer that the will of the deceased be construed.

Paragraph 1 of the will directed the payment of debts, administration expenses, and funeral expenses.

Paragraph 2 of the will provided as follows: "I give, devise and bequeath unto my Wife, Lucy Anderjaska, all of the *remaining property* of my estate to be hers absolutely. In the event that my said Wife pre-deceases me, then I direct that this provision for her shall lapse and be null and void, and all of *said remaining personal property* shall descend equally to my following children: Gerald Anderjaska, Arnold Anderjaska, Coran T. Anderjaska, Joan J. Barger, Claire B. Uerling, and Audrey M. Suiter, share and share alike. I make no provision herein for my son, Bernard Anderjaska, for the reason that I consider he has already received his share of my estate because of various advancements made by me to my said son during my lifetime; and in this connection, I do hereby cancel and forgive any in-

debtedness that may be due and owing to me or to my estate from my said son." (Emphasis supplied.)

Paragraph 3 of the will devised the real estate of the deceased in trust for the use of his wife, Lucy, during her lifetime. Upon the death of Lucy the real estate was to be sold and the proceeds divided equally among the six children of the deceased, other than Bernard. Paragraph 3 also included a provision that Bernard Anderjaska would not share in the proceeds for the reasons stated in paragraph 2 of the will.

The plaintiff claims that paragraph 2 of the will devised all of the property of the deceased to his wife, Lucy, and upon her death the plaintiff inherited a one-seventh interest in the real estate.

The trial court found that, by error, the word "personal" had been omitted between the words "remaining" and "property" in the second line of paragraph 2 of the will but that the intent of the testator was clear even though the word had been omitted. The plaintiff appeals from the judgment dismissing his petition.

The plaintiff contends that the trial court's construction of the will was erroneous and that parol evidence was not admissible as an aid to construction. The parties have presented no issue in this court concerning the effect of the final order of distribution entered in the county court on October 18, 1978.

The cardinal rule in construing wills is to ascertain and effectuate the intention of the testator if that intention is not contrary to law. *In re Johnson Trust Estates*, 211 Neb. 750, 320 N.W.2d 466 (1982). When there are definite and unambiguous expressions in a will, other expressions that are capable of more than one construction must be construed, if reasonably practicable, so as to harmonize with the plain provisions of the will. *In re Testamentary Trust of Criss*, 213 Neb. 379, 329 N.W.2d 842 (1983).

When the will in its entirety is considered, we think it is clear that the testator intended, in paragraph 2, to make a disposition of his personal property remaining after the payment of debts and expenses. His real estate was devised in paragraph 3 of the will. This construction is reinforced by the use of the word "personal" in the fourth line of paragraph 2. We conclude that the construction of the will made by the district court was correct.

It is unnecessary to consider the other assignment of error. The judgment of the district court is affirmed.

AFFIRMED.