Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
02/02/2024 09:08 AM CST

In re Trust of Betty J. Lamprecht, deceased.
Linda J. Haines, Cotrustee, appellant and
cross-appellee, v. John M. Lamprecht,
Cotrustee, and Byron L. Lamprecht,
appellees, cross-appellants,
and cross-appellees.

In re Trust of Mylan L. Lamprecht, deceased.
Linda J. Haines, Cotrustee, appellant and
cross-appellee, v. John M. Lamprecht,
Cotrustee, and Byron L. Lamprecht,
appellees, cross-appellants,
and cross-appellees.

___ N.W.2d ___

Filed February 2, 2024.   Nos. S-23-058, S-23-059.

1. **Trusts: Equity: Appeal and Error.** Where a question of equity is presented in a trust administration matter, appellate review of that issue is de novo on the record.
2. ____: ____: ____. The removal of a trustee is a question of equity, and therefore, an appellate court reviews the issue de novo on the record. In a review de novo on the record, an appellate court reappraises the evidence as presented by the record and reaches its own independent conclusions concerning the matters at issue.
3. **Trusts: Final Orders.** A proceeding to remove a trustee is a special proceeding, and affects a substantial right.
4. **Final Orders: Attorney Fees: Appeal and Error.** An order granting an attorney fee in an amount to be determined at some future time does not constitute a final, appealable order.

Appeals from the County Court for Douglas County: Derek R. Vaughn, Judge. Affirmed.

Gabreal M. Belcastro, James A. Tews, and James F. Cann, of Koley Jessen, P.C., L.L.O., for appellant.

Michael W. Milone and David J. Koukol, of Koukol, Johnson, Schmit & Milone, L.L.C., and Emily Fehringer and Laura Ortiz, Senior Certified Law Students, for appellee John M. Lamprecht.

David A. Domina, of Domina Law Group, P.C., L.L.O., for appellee Byron L. Lamprecht.

Heavican, C.J., Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Heavican, C.J.

## INTRODUCTION

Linda J. Haines and her brother, John M. Lamprecht, were cotrustees of the trusts of their mother, Betty J. Lamprecht, and their father, Mylan L. Lamprecht. Linda and John have a brother, Byron L. Lamprecht, who is an interested party to this litigation.

Linda and John were incompatible as cotrustees, and each sought to remove the other. At the hearing on these motions to remove, John resigned his position as trustee. Following the hearing, the county court for Douglas County accepted John's resignation as trustee and additionally removed Linda as trustee, finding that she had breached her fiduciary duties to the trusts. Linda appeals, and John and Byron cross-appeal. We affirm.

## BACKGROUND

Mylan and Betty were married and farmed in Douglas County, near Waterloo, Nebraska. Of the couple's three children, John and Byron farmed with their father.

Mylan and Betty had separate trusts detailing the disposal of their assets. Mylan died in 2010, and Betty had use and benefits of Mylan's assets. Betty died in 2018. The administration

of both trusts was consolidated; all three children are beneficiaries of the trusts, and Linda and John were cotrustees.

The consolidated estate is best described as "land rich and cash poor." Generally speaking, John and Byron believe that Linda failed to distribute the property as provided for by the trust documents. Linda argues that the estate had debts to pay, but that John and Byron refused to agree to actions necessary to free up cash to pay those debts, and that further, part of that debt was retired using assets that should have gone to Linda. All three agree that Linda and John are incompatible as cotrustees, and the record shows that administration of the trusts was chaotic and contentious.

In December 2021, an evidentiary hearing was held on several issues, including the motions to remove both Linda and John as trustees. The county court removed both Linda and John, finding:

> The Court finds that Co-Trustees Linda Haines and John Lamprecht have violated their fiduciary duties to the Trust. The Co-Trustees have engaged in behaviors which are detrimental to the Trust. There have been ongoing assertions that the Co-Trustees have breached his, her or their fiduciary relationship including assertions of misappropriated property, misuse of Trust resources/funds, accusations of deceit, improper dealings, alleged misuse not to mention personal animosity between the parties. The conduct of the Co-Trustees has resulted in extraordinary litigation and in light of the enormous expense to the Trust, caused by allegations of misconduct and dereliction of duty, the Court finds that the best interest of the Trust requires radical actions. The record reflects that previously, John Lamprecht offered to resign as Co-Trustee. Consequently, the Court removes Linda Haines as Co-Trustee and accepts the resignation of John Lamprecht as Co-Trustee and that the appointment of a Successor Trustee is in order.

## ASSIGNMENTS OF ERROR

On appeal, Linda assigns that the county court erred in (1) determining that she had breached her fiduciary duties to the trusts, (2) removing her as trustee, (3) failing to find that John's and Byron's removal claims were barred by the doctrine of unclean hands, and (4) granting Byron's motion for attorney fees.

On cross-appeal, John assigns, renumbered, that the county court erred in (1) finding that John breached his fiduciary duties as trustee and awarding Byron fees, to the extent those fees were to be paid by John; and (2) awarding Byron attorney fees without quantifying the amount awarded and failing to decide 18 separate issues raised by the parties' pleadings and the evidence submitted at trial.

In his separate cross-appeal, Byron assigns that the county court erred in failing to address 18 separate issues raised by his pleadings.

## STANDARD OF REVIEW

[1,2] Where a question of equity is presented in a trust administration matter, appellate review of that issue is de novo on the record.[1] The removal of a trustee is a question of equity, and therefore, an appellate court reviews the issue de novo on the record.[2] In a review de novo on the record, an appellate court reappraises the evidence as presented by the record and reaches its own independent conclusions concerning the matters at issue.[3]

## ANALYSIS

### Removal of Linda as Trustee and Acceptance of John's Resignation

On appeal, Linda argues that the county court erred in finding that she had breached fiduciary duties owed to the

---

[1] *In re Trust Created by Fenske*, 303 Neb. 430, 930 N.W.2d 43 (2019).

[2] *Id*.

[3] *Id.*

trusts and, accordingly, erred in removing her as trustee. John contends that Linda does not appeal from a final order. John also cross-appeals, arguing that the county court erred in finding that he, too, breached fiduciary duties owed to the trusts. But we need not address, and do not consider, the underlying issue of whether Linda or John breached their fiduciary duties because, in any case, the county court did not err in removing Linda or in accepting John's resignation.

[3] As an initial matter, we reject John's assertion that Linda does not appeal from a final order. We have held that a proceeding to remove a trustee is a special proceeding, and affects a substantial right,[4] and thus is final. Because the trusts here were registered in the county court,[5] that court had subject matter jurisdiction,[6] venue was proper there,[7] and each proceeding before the court was independent of any other proceeding involving the same trust.[8] The proceedings here to remove trustees constituted a discrete phase of the litigation[9] and thus qualified as an order affecting a substantial right in a special proceeding.

An appellate court reviews the removal of a trustee de novo on the record. Neb. Rev. Stat. § 30-3862 (Reissue 2016) addresses the removal of trustees:

> (UTC 706) (a) The settlor, a cotrustee, or a beneficiary may request the court to remove a trustee, or a trustee may be removed by the court on its own initiative.

---

[4] See *In re Trust of Rosenberg*, 269 Neb. 310, 693 N.W.2d 500 (2005). Cf. *In re Estate of Seidler*, 241 Neb. 402, 490 N.W.2d 453 (1992).

[5] See Neb. Rev. Stat. § 30-3816 (Reissue 2016).

[6] See Neb. Rev. Stat. § 30-3814(a) (Reissue 2016).

[7] See Neb. Rev. Stat. § 30-3815(c) (Reissue 2016).

[8] See § 30-3814(c).

[9] See, *Paxton v. Paxton*, 314 Neb. 197, 989 N.W.2d 420 (2023); *In re Hessler Living Trust*, 313 Neb. 607, 985 N.W.2d 589 (2023); *Schreiber Bros. Hog Co. v. Schreiber*, 312 Neb. 707, 980 N.W.2d 890 (2022); *In re Estate of Anderson*, 311 Neb. 758, 974 N.W.2d 847 (2022); *In re Estate of Severson*, 310 Neb. 982, 970 N.W.2d 94 (2022).

(b) The court may remove a trustee if:

(1) the trustee has committed a serious breach of trust;

(2) lack of cooperation among cotrustees substantially impairs the administration of the trust;

(3) because of unfitness, unwillingness, or persistent failure of the trustee to administer the trust effectively, the court determines that removal of the trustee best serves the interests of the beneficiaries; or

(4) there has been a substantial change of circumstances or removal is requested by all of the qualified beneficiaries, the court finds that removal of the trustee best serves the interests of all of the beneficiaries and is not inconsistent with a material purpose of the trust, and a suitable cotrustee or successor trustee is available.

(c) Pending a final decision on a request to remove a trustee, or in lieu of or in addition to removing a trustee, the court may order such appropriate relief under subsection (b) of section 30-3890 as may be necessary to protect the trust property or the interests of the beneficiaries.

Prior to the 2003 enactment of the Nebraska Uniform Trust Code, which included the above provision relating to the removal of trustees, Nebraska case law holds that trustees may be removed under similar circumstances. We have held:

"A court of equity . . . has power and authority to remove a trustee from his office, when any personal disability exists in the trustee, when he fails to perform the duties of his position, when he has misconducted himself in office or mismanaged the trust property, when hostile relations exist between the trustee and his . . . beneficiaries, such as to interfere with the execution of the trust, or under any other conditions which render his removal necessary for the best interests of the trust estate."[10]

---

[10] *Burnham v. Bennison*, 121 Neb. 291, 299, 236 N.W. 745, 749 (1931). See, also, *Reed v. Ringsby*, 156 Neb. 33, 54 N.W.2d 318 (1952); *Pavel v. Hotovy*, 131 Neb. 373, 268 N.W. 297 (1936).

We have continued to cite this general proposition with approval as recently as our decision in *In re Estate of Stuchlik*,[11] even in light of the adoption of § 30-3862 and the Nebraska Uniform Trust Code.

Section 30-3862 allows for the removal of a trustee, either on the request of a cotrustee or a beneficiary, or on the court's own "initiative." In addition to a "serious breach of trust," removal is permitted if a "lack of cooperation among cotrustees substantially impairs the administration of the trust" or if "removal is requested by all of the qualified beneficiaries, . . . best serves the interests of all of the beneficiaries[,] and is not inconsistent with a material purpose of the trust." Our case law additionally provides that a trustee may be removed when "hostile relations exist between the trustee and his . . . beneficiaries."[12]

A de novo review of the record supports a finding that "hostile relations"[13] existed between Linda and her brothers and that there was a "lack of cooperation"[14] between Linda and John. Finally, both John and Byron have requested that Linda be removed as trustee. Removal is supported in this case without a need for a determination of whether underlying fiduciary duties to the trust were breached.

There is no merit to Linda's and John's respective first assignments of error.

### Attorney Fees Award, Byron's Cross-Appeal, and Remaining Assignments of Error

Linda also assigns, and John assigns on cross-appeal, that the county court erred in awarding attorney fees to Byron. Following the order removing Linda as trustee and accepting John's resignation, Byron filed a motion to alter or amend

---

[11] *In re Estate of Stuchlik*, 289 Neb. 673, 857 N.W.2d 57 (2014).

[12] *Burnham v. Bennison, supra* note 10, 121 Neb. at 299, 236 N.W. at 749.

[13] See *id*.

[14] See § 30-3862.

that portion of the county court's earlier judgment where the court declined to address 18 claims raised by Byron. In that order, dated December 30, 2022, the county court denied the motion to alter or amend but, as relevant, granted Byron's motion for attorney fees (which it had earlier denied). However, the court did not include an amount of fees.

[4] We have held that "an order granting an attorney fee in an amount to be determined at some future time" does not constitute a final, appealable order.[15] This order did not include an amount; thus, it was not final. As such, we lack jurisdiction to entertain that portion of Linda's appeal and John's cross-appeal.

As for Byron's cross-appeal, he argues that this court should remand the cause to the county court for a determination of 18 issues, which he says he raised but that the court declined to address. Those issues include any surcharge of Linda or John for malfeasance or misfeasance; whether Linda should have been ordered to distribute the real property not yet distributed to the beneficiaries, as required by the trust documents; whether an easement over the "South Place" should be granted; whether the "South Place" should be sold; a determination of expenses; and myriad other issues relating to the administration of the trusts both thus far and going forward.

Byron conceded at oral argument that we lack jurisdiction to hear his cross-appeal because we lack a final order. We agree, and accordingly, we dismiss his cross-appeal.

## CONCLUSION

The decision of the county court that removed Linda as cotrustee is affirmed.

AFFIRMED.

MILLER-LERMAN, J., not participating.

---

[15] *State ex rel. Fick v. Miller*, 252 Neb. 164, 165, 560 N.W.2d 793, 795 (1997).